PATRICK ERSKINE, plaintiff in error, *vs.* W. J. WIGGINS, defendant in error.

1. The fact that the verdict in an action of trover, was written on the bail affidavit instead of on the declaration, was not a sufficient ground either of arrest of judgment, or of new trial. It was proper for the court to direct that the verdict be transferred to the declaration.
2. When the affidavit upon which a mechanic's lien on personalty was foreclosed, failed to state that demand for payment of the debt was made on the owner of the property, and payment refused, and the member of the firm of mechanics who made such affidavit became the purchaser, he obtained no title.

Practice in the Superior Court. Verdict. Liens. Levy and Sale. Before Judge CLARK. Sumter Superior Court. April Term, 1876.

The following, taken in connection with the decision, sufficiently reports this case:

Wiggins brought trover against Erskine, to recover a certain cotton gin. Defendant pleaded the general issue. At the trial, it appeared that Erskine claimed title to the

Erskine vs. Wiggins.

gin by virtue of a purchase at a constable's sale. This sale was made under the foreclosure of a lien in favor of Howard, Phelts & Co., of which firm defendant was a member. The affidavit of foreclosure contained substantially the following allegations: Erskine is a member of the firm of Howard, Phelts & Co., and as such makes this affidavit; they are mechanics and machinists in Marion county, Georgia. Wiggins, of the same county, is indebted to said firm in the sum of $40.00 for repairs and work done on a certain cotton gin which is still in their possession; "said sum of money is now due and unpaid; demand for payment has been made and refused;" and now, within twelve months from the time said work and repairing was done, deponent makes this affidavit that an execution may issue.

The jury found for the plaintiff the sum of $65.00.

Defendant moved for a new trial on the following, among other, grounds:

1. Because the verdict was written on the bail affidavit instead of the declaration; and, not showing the case in which, or the term at which, it was rendered, no legal judgment can be had thereon. The court passed an order allowing said verdict to be transferred from the affidavit to the declaration, and rendered judgment in accordance with it.

2. Because the court charged as follows: "I charge you that you have nothing to do with the foreclosure relied upon by the defendant; he got no title under that sale."

3. Because the verdict was contrary to law, and against the weight of the evidence.

Defendant also made a motion in arrest of judgment, the ground of which was the return of the verdict on the affidavit as set forth in the first ground of the motion for new trial.

Both motions were overruled, and defendant excepted.

ALLEN FORT;. J. R. McCLESKEY, for plaintiff in error.

13

GUERRY & SON, for defendant.

WARNER, Chief Justice.

The plaintiff brought his action against the defendant to recover the value of a certain described forty-saw cotton gin, to which the plaintiff claimed title, in the statutory form. On the trial of the case the jury found a verdict for the plaintiff for the sum of $65.00 The defendant made a motion in arrest of judgment, and for a new trial, on various grounds, both of which motions were overruled by the court, and the defendant excepted.

1. It appears from the record and bill of exceptions, that the verdict of the jury was written upon the bail affidavit taken in the case, instead of the declaration, and the court ordered the verdict to be transferred to the declaration. The motion in arrest of judgment because the court ordered the verdict to be transferred from the bail affidavit to the declaration, was properly overruled.

2. The evidence shows that the cotton gin was left with the defendant to be repaired; that plaintiff insisted he was not to pay for the repairing of the gin until he had tested its performance by a trial thereof, and refused to do so; the defendant foreclosed what he claimed to be a mechanic's lien for the repairs done on the gin, had it levied on and sold by a constable, by virtue of his lien *fi. fa.*, and became the purchaser of it. The court charged the jury, amongst other things, that they had nothing to do with the foreclosure relied on by the defendant; that he got no title under that sale. This charge of the court is assigned as error.

There was no error in the charge of the court in relation to this point in the case, because it is not averred in the plaintiff's affidavit foreclosing his lien, as required by the 1991st section of the Code, that a demand had been made on Wiggins, the owner of the gin, for payment of his demand for repairing it, and his refusal to pay.

On looking through the evidence contained in the record,

and the rulings of the court applicable thereto, we find no error in overruling the defendant's motion for a new trial. Let the judgment of the court below be affirmed.