## KNOWLES *et al. vs.* WILLIAMS.

1. When the verdict of the jury is written on the wrong declaration and read in court, it is competent for the court to direct that the same be transferred to the proper declaration and signed thereon by the foreman, the jury being present in court.
2. A letter of defendant containing internal evidence that it refers to the notes sued on, is admissible in evidence, though the notes be not accurately described by amounts or dates or consideration therein— especially where the defendant is a witness on the stand and testifies that he wrote the letter, and does not state in his evidence for himself that it had reference to a different matter than the notes.
3. There being ample evidence to sustain the verdict, the motion for a new trial was properly overruled.

Practice in the Superior Court. Evidence. New trial. Before Judge Harris. Pierce Superior Court. September Term, 1878.

Williams sued Knowles *et al.* on two notes given for the purchase money of a saw-mill. Knowles pleaded failure of consideration, in that the mill was not in repair as warranted. On the trial the jury found for plaintiff. By some accident, it seems that a declaration in another case between the same parties was sent out with the jury, and they wrote their verdict upon that, instead of on the declaration in this case. After its return into court, defendants made a motion in arrest of judgment; plaintiff moved to transfer the verdict to the proper paper. The court overruled the former motion, and granted the latter. The verdict was transferred and re-signed, the jury being still in court. Defendants moved for a new trial on the following, among other grounds:

1. Because the court allowed the verdict to be transferred, as stated above.

2. Because the court admitted in evidence a letter from defendant to plaintiff, in which he stated that he had received plaintiff's letter, that he had taken charge of the mill, and was seeking to raise the money to pay off his note. [Defendant was a witness; he said he wrote the letter, and did not state that it referred to any other transaction than that involved in this case.]

(3.) Because the verdict was contrary to law and the evidence.

The motion was overruled, and defendants excepted.

Goodyear & Harris, for plaintiffs in error, cited as follows: On omission of evidence, 18 Mich., 381; 7 Allen, 548; 58 *Ga.*, 414; 55 *Ib.*, 288. On transfer of verdict, Code, p. 946, Rule 21; 35 *Ga.*, 173; 13 *Ib.*, 370.

No appearance for defendant.

JACKSON, Justice.

1. Error is assigned, that the court erred in permitting the verdict to be transferred from a wrong declaration, which they seem to have had by mistake, to the declaration on which the trial was had, the jury being in court and having just delivered their verdict. Similar irregularities have been frequently corrected, and we do not see that error was committed. The ground of complaint is, that the court erred in allowing the transfer, not that the paper was out in the jury room which ought not to have been there.

2. The letter contained internal evidence that it referred to the notes sued on and the steam saw-mill, which was their consideration, and it was therefore properly admitted in evidence.

3. The evidence abundantly sustains the verdict, and the court was right not to set it aside.

Judgment affirmed.