## SHUMAN v. SMITH.

1. Errors alleged to have been committed in overruling a de-
murrer to a declaration cannot be considered upon a motion
for a new trial. Such errors can only be reached by exceptions
filed pendente lite or by direct exception to the judgment com-
plained of; and in the latter case the bill of exceptions must
be tendered for certificate within the prescribed time from the
rendition of the judgment complained of; otherwise such ex-
ceptions cannot be considered.

2. Though inspecting an appeal bond necessarily conveys informa-
tion as to who was the losing party in the court appealed from,
it is not, in an appeal case, cause for a new trial that this bond
was taken by the jury into their room with the other papers
in the case.

3. Where upon the trial of an appeal from a county court the
verdict was by inadvertence written upon the appeal bond in-
stead of upon the declaration, this afforded no ground for set-
ting it aside, it not appearing that it was not duly received by
the court and had not under its direction been entered upon the
minutes.

4. For the unlawful eviction by a landlord of a tenant before the
expiration of his term, the measure of the latter's damages is
at least the value of the premises for rent, and the judge having
so instructed the jury, it will be presumed, in the absence of
anything appearing to the contrary, that he gave correctly
further instructions as to how they were to arrive at such
damages.

5. The evidence, though conflicting, being sufficient to sustain the
verdict, the discretion of the trial judge in refusing a new trial
will not be controlled.

Submitted January 21,—Decided March 8, 1897.

Action for damages.   Before Judge Gamble.   Bulloch
superior court.   April term, 1896.

H. B. Strange, for plaintiff in error.
Brannen & Moore, contra.

SIMMONS, Chief Justice.

1. Smith sued Shuman for damages for evicting him from
a certain tract of land which he claims to have rented from
Shuman, before the term of rental had expired.   On the
trial in the court below, Shuman demurred to the declara-

tion on various grounds which it is unnecessary to mention here. The court overruled the demurrer. Shuman lost the case, and made a motion for a new trial, one of the grounds of this motion being that the court erred in overruling the demurrer. The case was tried April 30, 1896, and the bill of exceptions certified August 1, 1896. No exceptions pendente lite were filed. We have so often decided and ruled that the overruling of such a demurrer can not be assigned as error in a motion for a new trial, that it seems almost useless to allude to it again. Why counsel, after these numerous decisions have been made, will persist in assigning as error in a motion for a new trial the overruling of a demurrer, we can not imagine. If there is no cause of action set out in the declaration and the demurrer ought to have been sustained, the defendant does not need a new trial. Why should he have a new trial when there is nothing to try? The only way under our practice to assign error in the overruling of a demurrer is in the bill of exceptions. The parties can do this either by direct exceptions or by filing exceptions pendente lite at the time the demurrer is overruled. If the demurrer of a party is overruled and on the trial of the case he loses it before the jury, he can make his motion for a new trial, and if that is overruled, he can, in his bill of exceptions to this court, assign error on the ground that the demurrer was overruled, provided he tenders his bill of exceptions to the trial judge in the time prescribed by law. If he file exceptions pendente lite, he can have them certified and made a part of the record of the case, and then assign error on them in this court. Unless the overruling of the demurrer is brought to the attention of this court in one of these two ways, it cannot be considered here.

2. This action for damages was instituted in the county court, where a judgment was rendered for the plaintiff. The defendant appealed to the superior court and gave the bond required by statute. In the trial of the case in the superior court, when the jury retired to consider the verdict, it seems

that this appeal bond was handed to them with other papers, and their verdict, when returned into court, was written upon this bond instead of upon the declaration. It was claimed in the motion for new trial that this was error, because the jury could ascertain from reading the bond that the defendant had lost his case in the county court. It is the practice in the superior court in appeal cases to hand to the jury all the papers connected with the appeal. The jury, if they read the appeal bond, would necessarily see that the appellant lost his case in the lower court. This would not, we believe, in such a case be cause for granting a new trial and setting aside the verdict.

It was also claimed that the verdict was illegal and should be set aside, because it was written upon the appeal bond and not on the declaration. It is not alleged in the motion for new trial that the verdict had not been entered upon the minutes of the court. If the defendant objected to the writing of the verdict on the bond instead of the declaration, he should have called the attention of the court to the fact that it was so written, and doubtless the court would have had it transferred from the bond to the declaration, as was done in the case of *Knowles* v. *Williams*, 62 *Ga.* 316. As far as the record discloses, the verdict was received in court and entered upon the minutes thereof; and the court did not err in refusing a new trial on this ground of the motion.

3. The contention of the plaintiff in the court below was that he had purchased a tract of land from the defendant; that there was no cleared land on it, and that he had no place to make a support for his family; that defendant, as a part of the contract, agreed to let him have a certain field for the purpose of making crops thereon for four years, thus giving him cleared land for farming purposes. After cultivating this field for two years, plaintiff claims he was unlawfully evicted by Shuman, and brought his suit for damages. On the subject of damages the judge charged: "You find what this field was worth to the plaintiff, and whatever that may

be he would be entitled to recover as damages, and you should find a verdict for the plaintiff for this amount if you find that he is entitled to damages." Error is assigned on this charge, because it confined and restricted the jury in estimating the damages to the plaintiff's testimony, thereby excluding [them] from considering what the real market value of this field was for rent." If the plaintiff was unlawfully evicted before the expiration of his term, the measure of his damages would be at least the value of that particular field for rent. The contention of the plaintiff in the court below seems to have been that he was specially damaged by the eviction, because this was the only land which he had that could be cultivated with success, the other land, that which he had bought from the defendant, being wooded and defendant having reserved the pine timber thereon for three years for the purpose of boxing for turpentine, which prevented the plaintiff from clearing and cultivating it. We think that the court did not err in instructing the jury to find what the land was worth to the plaintiff, inasmuch as we presume that the court correctly charged as to how the jury were to arrive at the amount of damages to which the plaintiff was entitled.

4. The defendant denied the contention of the plaintiff as to the contract of renting; the evidence was conflicting on this point, and the jury accepted the plaintiff's theory. This they had a right to do; and the trial judge being satisfied with their finding, this court will not control his discretion in refusing a new trial.

*Judgment affirmed. All the Justices concurring.*