### KIRBY LUMBER COMPANY v. C. R. CUMMINGS & COMPANY.

#### Decided October 27, 1909.

**1.—Charge—Undisputed Facts—Practice.**

When the undisputed evidence establishes beyond controversy facts essential to plaintiff's action or to the defense of his adversary, as to such matters there can be no issues of fact to submit to the jury, but they become matters of law for the court to determine.

**2.—Sale—Breach of Contract—Measure of Damage.**

If at the time a contract for the sale of personalty is made the vendor has notice that the goods are being purchased for sale in a particular market, or to be supplied in pursuance of a particular contract, he may reasonably be deemed to have made the contract in contemplation of that purpose and to have assumed the risks thereby entailed, then if he breaks the contract, the loss thereby caused, if not too remote and uncertain, will be the measure of damage.

**3.—Irrelevant Evidence—Harmless Error, When.**

When the verdict is sustained by competent and undisputed evidence the admission of irrelevant evidence is harmless.

**4.—Breach of Contract—Amendment of Pleading—Limitation.**

When plaintiff's cause of action is based upon a breach of a contract, the fact that in an amended petition plaintiff placed a different construction on the contract will not constitute the setting up of a new or different cause of action.

**5.—Same—Defense.**

The failure on the part of the plaintiff to inspect and select the lumber, can not be urged as a defense to a suit for the breach of a contract to deliver the same, when defendant did not have the lumber on hand.

6.—Offset—Intent.

When defendant is owing plaintiff a much larger amount in damages than plaintiff owes defendant at the time the damages accrued, the defendant is not entitled to interest on the amount owing by plaintiff after the damages accrued.

Appeal from the District Court of Harris County. Tried below before Hon. Norman G. Kittrell.

*Moye Wicks,* for appellant.

*Hutcheson, Campbell & Hutcheson,* for appellee.—That the vendor is liable for all losses on collateral contracts of which he has any knowledge: Fraser v. Echo Mining Co., 28 S. W., 714; Joske v. Pleasants, 39 S. W., 590; Houston & T. C. Railroad v. Hill, 63 Texas, 385, 70 Texas, 51; Welsh v. Morris, 81 Texas, 159; Hadley v. Baxendale, 9 Exch., 341; 1 Sutherland on Dam., 79; 1 Sedgwick, 149; Griffin v. Colver, 16 N. Y., 489; Masterson v. Mayor, 7 Hill, 61; Wakeman v. Wheeler & Wilson Mfg. Co., 101 N. Y., 29, 4 N. E., 264; 8 Am. & Eng. Ency., 2d ed., pp. 591-594, citing many cases, and among them the celebrated case of Grebert-Borquis v. Nugent, 15 Q. B. Div., 85, and Smith v. Flanders, 129 Mass., 322.

NEILL, Associate Justice.—This suit was brought by appellees to recover damages against appellant for the breach of certain alleged sales of lumber made by the latter to the former; the breach alleged being the company's failure to deliver the lumber contracted for.

The defendant answered by general and special exceptions to plaintiff's first amended original petition, on which the case was tried, a general denial, pleas of limitation and certain other pleas in bar, which will hereafter be referred to.

The case was tried before a jury, whom, after the evidence was introduced, the court instructed as follows:

"The undisputed evidence shows that the 360,000 feet of lumber bought by the plaintiff of the defendants on the 23d of July, 1902, was ultimately delivered, and consequently you will not consider that matter at all in making up your verdict.

"2. The evidence is also undisputed that all the orders, beginning near the foot of page two of the plaintiffs' first amended original petition filed April 25, 1908, the first order being No. 517, continuing down to and on to page six, the last being order No. 551, were all given to the defendant Kirby Lumber Company by the plaintiffs and were by said company accepted for delivery in the quantities and at the prices and at the times stated in the petition.

"3. The evidence is also undisputed that the Kirby Lumber Company would not have any connection with or sell to any person in Germany or beyond the seas, but that all the orders above cited were sold to and charged to C. R. Cummings & Company, and that they were placed on the books of the Kirby Lumber Company as a charge against the said C. R. Cummings & Company, and it is further undisputed that the said Kirby Lumber Company knew when

the orders were given that the lumber was bought to be shipped abroad and sold in foreign markets.

"4. It is further undisputed that none of the lumber was delivered, and the only duty devolving upon you is to determine what loss Cummings & Company suffered by reason of such failure on the part of the Kirby Lumber Company to deliver the lumber. In arriving at this you will take the price at which the lumber was sold for delivery at Rotterdam or at Hamburg, as the case may be in each instance, and then ascertain what the lumber was worth in that market at the time it was to have been delivered and allow the plaintiffs as damages the difference between the two prices per thousand feet, and will find what that difference amounted to as to each shipment, and then add to the amount you so find to have been the loss or damages of the plaintiffs on each shipment, five percent on the amount which the whole shipment would have brought at the place of delivery at the time it was contracted to be delivered. You will pursue this method of calculation as to each shipment in regular sequence, and find the aggregate of such loss, if any, as you find there was, and then from that aggregate you will deduct the credit of $2,302.59, admitted to be due by the plaintiffs to the defendant upon some other account, and add to the balance so remaining six percent interest per annum from June 1, 1903, to this date, and return your verdict for the plaintiffs for the sum resulting from this method of inquiry and calculation. You will then find for the plaintiffs the sum of $925.83 as the amount paid Langbehn & Company, but will allow no interest on that amount, and then by adding the sum of $925.83 to the aggregate so found as above stated, state the total due at this date, and return your verdict therefor."

In response to the charge, the jury returned the following verdict: "We, the jury, find for the plaintiff, C. R. Cummings & Company, damages and interest as follows:

| | | | | |
|---|---|---|---|---|
| Order | 517, | damages | ......................... | $ 830.77 |
| " | 521, | " | ......................... | 397.70 |
| " | 524, | " | ......................... | 353.64 |
| " | 531, | " | ......................... | 5,418.19 |
| " | 532, | " | ......................... | 524.19 |
| " | 533, | " | ......................... | 102.90 |
| " | 535, | " | ......................... | 1,806.06 |
| " | 546, | " | ......................... | 573.17 |
| " | 551, | " | ......................... | 303.56 |

$10,310.16

Interest 6% June 1, 1903, to date.............$ 2,378.25
Claim of Langbehn & Co..................... 925.83

$13,614.24
Less amt. due Kirby Lumber Co............... 2,302.59

Total.................................$11,311.65."

Upon the verdict judgment was entered in favor of plaintiffs for the sum of $11,311.65, with interest from its date.

We find that the undisputed evidence establishes beyond question such matters of fact as the jury were charged by the court were incontrovertibly proved, and that it is reasonably sufficient to support the verdict as to the damages.

We deem it unnecessary to consider and discuss seriatim the numerous assignments presented in appellant's brief, for many can be disposed of on principles of law applicable alike to them all.

Our conclusions of fact dispose of the assignments which attack the part of the charge which enumerates certain matters of fact proved by the undisputed evidence. For when the undisputed evidence established beyond controversy facts essential to plaintiff's action or to the defense of his adversary, as to such matters there can be no issues of fact to submit to the jury's finding; but they become matters of law for the court to determine. Hence, under the undisputed evidence it was proper for the court to submit to the jury only the question as to the amount of damages plaintiffs had sustained by defendant's breach of the contracts.

But it is complained that the charge gives to the jury the wrong measure of damages in a case like this, where the breach consists in the vendor's failure to deliver to the vendee the goods contracted for. Ordinarily, if a contract for the sale of personalty, executory on the part of the vendor, is broken by him, the measure of damages is the market price of such property less the contract price. And the market price for this purpose must be determined as to the time and place of the delivery agreed upon. But if, at the time the contract is made, the vendor has notice or knowledge that the goods are being purchased for sale in a particular market, or to be supplied in pursuance of a particular contract, he may fairly and reasonably be deemed to have made his contract in contemplation of that purpose and to have assumed the risks thereby entailed, then if he breaks his contract, damages for loss caused thereby, if not uncertain and remote, may be recovered. 3 Page on Contracts, sec. 1589; Mechem on Sales, sec. 1763; Sutherland on Damages, sec. 52.

In this case the evidence conclusively shows that at the time the sales were made defendant knew that plaintiffs purchased the lumber for resale in a foreign market—at Rotterdam or at Hamburg. In fact, the defendant knew when it sold plaintiffs the lumber that they bought it for delivery to parties in Rotterdam and Hamburg, with whom they had contracted to sell it at prices designated in the orders which they furnished the defendant at the time it made the contracts with them upon which this action is founded. We think, therefore, that the proper measure of damages was presented to the jury in the court's charge.

While it may be that in view of the court's charge the evidence as to prices at which plaintiffs had contracted resales of the lumber in Rotterdam and Hamburg and as to their having to indemnify the parties to whom they sold for the damages they sustained by reason of their inability to deliver the lumber occasioned by defendant's breach of its contract, was irrelevant, it can not be held to

have been inadmissible in view of plaintiff's pleadings. If, however, all the evidence, the admission of which is complained of by numerous assignments, should be deemed inadmissible under the objections urged to its introduction, still, inasmuch as the undisputed evidence fully sustains the verdict as to the damages, measured by the rule given the jury, its introduction could have in no way affected the verdict, and such error, if error, was therefore harmless.

The plaintiffs' first amended original petition declares upon the same contracts that were sued upon in their original petition, the breach of which in each pleading is the foundation of the action. That the plaintiffs did not place the same construction upon the contracts in each pleading—having construed them in the first as contracts of agency and in the other as a contract of sale—did not constitute the filing of the first amended original petition the beginning of a new or different cause of action. In view of this it is apparent from the dates of the several contracts and of the filing of the original petition that plaintiffs' action was not barred by the statutes of limitations pleaded; and that the court did not err in refusing to submit as an issue in the case the question of limitation to the jury.

From the uncontroverted evidence the defendant had no lumber on hand that it intended to deliver the plaintiffs under the contracts. Hence, plaintiffs' failure to inspect and select the lumber can not be urged as a defense to this action.

Inasmuch as plaintiffs were entitled, as damages, to a much larger sum than the $2302.59 they owed defendant at the time such sum became due, there was no error in the court's not allowing defendant interest on such amount.

There is no error in the judgment and it is affirmed.

*Affirmed.*

Writ of error refused.