### 3773. McGhee Cotton Co. *v.* Herrine.

Pottle, J. Suit was brought for damages for the alleged failure to deliver cotton according to the terms of a writing of which the following is a copy: "I have this day sold to McGhee Cotton Co., Rome, Ga., four (4) B/C average r's & 6's at 12 c per #, same to be delivered at McGhee Cotton Co. Warehouse, Rome, Ga., on or before November 10th, 1909, weight of cotton to be 450 to 500 # per bale." This writing was signed by Herrine. At the bottom of the writing appeared the word "Accepted," followed by the signature of the McGhee Cotton Company. The petition alleged the market value of the cotton at the time and place of delivery, the failure of the seller to deliver, and the willingness and ability of the buyer to take and pay for the cotton at the agreed price. *Held:* (1) The petition was not subject to general demurrer. (2) The writing was, in legal effect, an offer to sell upon the terms and at the time therein stipulated. *Luke* v. *Livingston,* 9 *Ga. App.* 116 (70 S. E. 596). (3) The writing showed on its face that the offer had been accepted in writing by the buyer. It thus became a mutually binding contract, valid under the statute of frauds, was not unilateral, and no tender of the agreed price prior to the date fixed for delivery was necessary. *Terry* v. *Cotton Co.,* 136 *Ga.* 187 (70 S. E. 1100). In *Mallett* v. *Watkins,* 132 *Ga.* 700 (64 S. E. 999, 131 Am. St. Rep. 226), there was no written acceptance, nor was anything done by the buyer prior to the date fixed for delivery to take the transaction out of the statute of frauds.

*Judgment reversed.*

Decided March 6, 1912.

Action on contract; from city court of Cartersville—Judge Foute. September 13, 1911.

*Finley & Henson, W. A. Milner,* for plaintiff.
*Eubanks & Mebane,* for defendant.