## 10027.   MATTHEWS v. AMERICAN TEXTILE COMPANY.

WADE, C. J.   1.   A cause of action was set forth by the petition, in which it was alleged that the defendants accepted an offer to buy 400 bales of cotton as per terms of a letter addressed to them and signed by the plaintiff, at 11-1/2 cents per pound, said cotton to be of a specified grade and to be delivered on fixed dates; that 200 of said 400 bales were delivered by the defendants and accepted and paid for by the plaintiff as per the terms of the contract; and that the plaintiff stood ready and willing to receive and pay for the remaining 200 bales upon their delivery, and that the defendants breached the contract sued upon by their refusal and failure to deliver the remaining 200 bales. See *Forsyth Mfg. Co.* v. *Castlen,* 112 *Ga.* 199 (37 S. E. 485, 81 Am. St. R. 28); *Watson* v. *Hazlehurst,* 127 *Ga.* 298, 300 (56 S. E. 459); *McGhee Cotton Co.* v. *Herrine,* 10 *Ga. App.* 700 (74 S. E. 66); *Terry* v. *International Cotton Co.,* 136 *Ga.* 187 (70 S. E. 1100).

(*a*)   Although it is true that in order for a contract of purchase to become effective when entered into by correspondence through the mails, the offer to buy must be accepted by the seller unequivocally, unconditionally, and without variance of any sort, it is also true that if there be a slight variance between the acceptance and the offer to buy, a shipment by the seller of a portion of the goods thus ordered, which

are accepted and paid for, would amount to a ratification of the terms of the offer to buy, since a ratification of a part is a ratification of the whole. See *Good Roads Machinery Co.* v. *Neal*, 21 *Ga. App.* 160 (2) (93 S. E. 1018), and cases there cited.

2. The petition was not subject to demurrer on the ground that "it is not shown by said petition that said alleged sale was within the scope of the business of the firm." The petition specifically alleged that the firm of E. Matthews & Son were, in the year 1913, engaged in the mercantile business, and that among other things it was buying and selling cotton. In view of this allegation, it was a matter of defense whether or not the sale of cotton by the defendants was without the scope of the partnership business. Civil Code (1910), §§ 3172, 3180.

3. The ground of the demurrer that the correspondence between the parties to this suit, relative to the sale of the cotton, is too vague and indefinite to base a contract of purchase and sale upon, is itself too vague and indefinite to be considered by a reviewing court. "A demurrer, 'being a critic, must itself be free from imperfection.' This is particularly true of a special demurrer, as its office is to point out clearly and specifically the alleged imperfection in the pleading attacked by it. It 'must lay its finger, as it were, upon the very point.'" *Alford* v. *Davis*, 21 *Ga. App.* 820 (4 *a*) (95 S. E. 313).

4. There is no merit in the ground of the demurrer that paragraph 5 of the petition, to wit, "petitioner shows that at the date said cotton was purchased by it, all parties contemplated an actual delivery of the cotton in compliance with the terms of said sale," seeks to vary the terms of an alleged written agreement. Paragraph 5 is merely explanatory, since the correspondence between the parties, which was set out in the petition, shows that the actual delivery of the cotton was contemplated by them. See, in this connection, *Forsyth Mfg. Co.* v. *Castlen*, supra.

5. "To authorize evidence seeking to supply essential particulars to an unambiguous written contract, by proof of a custom of business or trade so universal as to be by implication a part thereof, the custom must be distinctly pleaded." *Hamby* v. *Truitt*, 14 *Ga. App.* 515 (3), 518 (81 S. E. 593), and cases there cited. There is no merit in the ground of the demurrer, that paragraph 7 of the petition, to wit, "petitioner shows that the customary meaning of the term 'bale of cotton,' in the cotton trade, is a bale of cotton weighing five hundred pounds," seeks to vary the terms of an alleged written agreement.

6. The petition was not subject to demurrer on the ground that the proper measure of damages was not alleged; the damages alleged being the difference between the contract price and the market price of the cotton at the time and place of delivery.

7. Plaintiff in error in his motion for a new trial complains that the court erred in charging the jury as follows: "I charge you that under the evidence in the case, the contract which is insisted upon by the plaintiff in its petition is a valid, subsisting contract between the firm of E. Matthews & Son and the plaintiff, the American Textile Company, and that under the terms of this contract the defendants, E. Matthews & Son, were bound to deliver to the American Textile Com-

pany 100 bales of cotton at stated periods during the month of November, 1913, and 100 bales of cotton at certain stated periods during the month of December, 1913. There being no controversy here as to the allegation of the plaintiff that they did fail to deliver the cotton during those months, as they had contracted to do, I charge you that the plaintiff in this case is entitled to recover the difference between the contract price of 11-1/2 cents per pound and what the 200 bales of cotton would have been worth in the market, or the market price of 200 bales of cotton at the time and place of delivery, according to the terms of the contract; and that is the question which you are to determine by your verdict." The defendant F. E. Mathews admitted enough in his own testimony to estop him from legally denying liability; and therefore the charge complained of, which is tantamount to a direction of a verdict in favor of the plaintiff, does not require a reversal.

8. There was evidence to authorize the verdict, and the trial judge did not err in overruling the motion for a new trial.

*Judgment affirmed. Jenkins and Luke, JJ., concur.*

DECIDED APRIL 23, 1919. REHEARING DENIED MAY 13, 1919.

Action on contract; from Bartow superior court—Judge Tarver. June 15, 1918.

*William T. Townsend,* for plaintiff in error.

*Watt H. Milner,* contra.