## 10894. Jones *v.* Fuller.

Jenkins, P. J. 1. On May 17, 1919, Jones sued Fuller for the alleged breach by the defendant of his contract for the transfer and sale of a certain lease, basing his claim on the following instrument of writing: "Calhoun, Ga., 12/16/1918. Received of Hugh B. Jones ten ($10.00), being payment on purchase-price of five-year lease on F. L. Hicks building on Court street. The consideration being two hundred fifty ($250.00) dollars; ninety ($90.00) dollars more cash to be paid on delivery of rental contract with F. L. Hicks at a rental of $30.00 per month, and a note for one hundred fifty dollars due in six months from date. [Signed] W. E. Fuller." The plaintiff in his petition alleged: that it was understood and agreed that he was to have possession of the building on January 1, 1919, and that on or about December 19, 1918, he tendered to the defendant the sum of $90 in cash and his promissory note for the balance of the purchase-price, due six months after date, in accordance with the terms of the agreement; that the defendant has breached his contract of sale, in that he has failed and refused to deliver to the plaintiff the rent contract specified; that the plaintiff has been damaged in a named sum representing the difference in the reasonable rental value of the said premises and the amount stipulated to be paid under the said bargained lease. The defendant demurred to the petition, on various grounds, and the demurrer was sustained by the trial judge and the petition dismissed. The plaintiff excepts to this ruling. *Held*: The quoted agreement must be taken to relate to a sale or transfer by the defendant to the plaintiff, for a stated consideration, of a certain existing lease, and it is in substance stated in the contract of sale that the lease which thus constitutes the subject-matter of the sale is one executed by F. L. Hicks to the defendant for a period of five years, of what is known as the F. L. Hicks building, located on Court street in Calhoun, Georgia, and that the lease thus bargained calls for a payment to Hicks of a monthly rental of $30. As thus construed, the lease constituting the subject-matter of the sale was sufficiently set forth, in the written instrument sued on, to take the transaction without the operation of the statute of frauds, so as to withstand a demurrer to the suit as brought.

(*a*) The place where the contract is dated may properly be considered in connection with the other descriptive marks embodied in the contract, in determining what particular property was involved in the bargained contract of lease. *Singleton* v. *Close*, 130 *Ga.* 723 (61 S. E. 722); *Horton* v. *Murden*, 117 *Ga.* 72 (43 S. E. 786).

(*b*) In a case where, under the statute, a sale or transfer of property is required to be in writing, while it is necessary that the contract relied on shall designate the particular property embraced in the transfer (in this case the lease), together with the contract price and the terms of sale, still where particular property is thus designated, and the writing furnishes within itself the means whereby the designated property can

be thus actually identified, then the doctrine which holds that to be certain which can be made certain is applicable, and it is permissible to employ parol evidence for such purpose, as well as to explain ambiguities in the terms of the instrument, if by so doing the actual terms of the contract are not impaired. *Douglas* v. *Bunn,* 110 *Ga.* 163 (35 S. E. 339); *Horton* v. *Murden,* 117 *Ga.* 72 (3) (43 S. E. 786); *Singleton* v. *Close,* 130 *Ga.* 722 (2) (61 S. E. 722); *King* v. *Brice,* 145 *Ga.* 65 (1) (88 S. E. 960); *King* v. *Brice,* 18 *Ga. App.* 178 (89 S. E. 175).

(c) While the date when the identified and bargained five-year lease was to commence was not itself stated in the contract, this was such an ambiguity relating to an existing fact as might be shown by parol. *Simpson* v. *Sanders,* 130 *Ga.* 265, 271 (60 S. E. 541).

(d) The time when the balance of the purchase-price for the lease was to be paid by the plaintiff, and the delivery of the lease was to be made by the defendant, not being specified in the contract of sale, a reasonable time, not extending beyond the date set for the beginning of the lease, would be allowed for performance.

2. The contract sued on, taken in connection with the allegations of the petition, was not wanting in mutuality. See *Perry* v. *Paschal,* 103 *Ga.* 134 (7) (29 S. E. 703); *Ellis* v. *Bryant,* 120 *Ga.* 890 (48 S. E. 352); *Sivell* v. *Hogan,* 119 *Ga.* 168 (46 S. E. 67). The measure of damages for the alleged breach was correctly laid. *Kenny* v. *Collier,* 79 *Ga.* 743 (2) ( 8 S. E. 58); *Williams Wagon Works* v. *Gunn,* 14 *Ga. App.* 158 (80 S. E. 668). The petition having set forth a cause of action, the court erred in dismissing the suit on demurrer.

*Judgment reversed. Stephens and Smith, JJ., concur.*

DECIDED MARCH 18, 1920.

Action on contract; from city court of Floyd county—Judge Nunnally. August 26, 1919.

*Maddox & Doyal,* for plaintiff. *Nathan Harris,* for defendant.