### 11593, HOWEL *v.* KINNEY.

1. A mutually binding contract of sale is shown by a writing as follows: "Temple, Ga., August 4, 1919. R. H. Howel, Villa Rica, Ga. I herewith confirm sale to you of 100 bales cotton, basis fours, nothing below fives, for last of November or December delivery, 1919, cotton 35 cents per lb., f. o. b. This contract covers 50,000 lbs. with a five per cent. variance either way. [Signed] C. C. Kinney, R. H. Howel."

2. No tender of the agreed price was necessary, under the allegations of the plaintiff's petition, it appearing that before the time fixed for delivery the seller had given notice of his refusal to comply with the contract.

3. If the writing in question is ambiguous and uncertain as to acceptance of the offer to sell, parol evidence would be admissible to show such

acceptance. It is alleged by the plaintiff that he did accept the offer and so notified the defendant.

4. The petition set out a cause of action, and the court erred in dismissing it on demurrer.

DECIDED JANUARY 25, 1921.

Action on contract; from city court of Carrollton — Judge Beall. May 11, 1920.

This was a suit for an alleged breach of a contract which was as follows:

"Temple, Ga., August 4th, 1919.

" R. H. Howel,

" Villa Rica, Ga.

" I herewith confirm sale to you of 100 bales cotton, basis fours, nothing below fives, for last of November or December delivery, 1919, cotton 35 cents per lb., f. o. b. This contract covers 50,000 lbs. with a five per cent. variance either way.

" C. C. Kinney,

" R. H. Howel."

The plaintiff, Howel, alleged in his petition that both before and after the expiration of the time of delivery he demanded the cotton and the defendant refused to deliver it, and that by reason of such refusal he was injured and damaged as set out in the petition. It was alleged in the petition that Howel agreed to buy the cotton from Kinney, and that he (Howel) was ready and willing during the months of November and December to accept and receive the cotton and had the ability to pay the agreed price therefor; that after the contract was signed Kinney offered to plaintiff, about the last of September, 100 bales of cotton on this contract, but that the plaintiff told Kinney at that time that he could not then use it, because his mill contracts were not due for delivery until November or December, and that he did not want the cotton until that time; that on the last day of November the plaintiff called up Kinney over the telephone and asked him to deliver the cotton, and Kinney stated that he did not have the cotton at that time but would deliver it later; that on December 10 or thereabouts he again called up Kinney and asked him to deliver the cotton on the contract, and Kinney told him that he (Kinney) was busy then but would see about it later; that about December 25 he again called up Kinney and asked him to deliver the cotton, and Kinney

replied that he was busy having a sale but would deliver it later; that about the 31st of December, 1919, he sent an employee, C. J. Henderson, to. Kinney to take up this cotton and to pay him for the same, and that Henderson returned, stating that Kinney had refused to deliver the cotton; that thereupon the plaintiff called Kinney over the telephone and that Kinney told him he would not deliver the cotton on the contract, and that if he ever got anything out of it he would have to sue him.

The defendant demurred generally and upon the ground that the contract declared upon was unilateral and without mutuality or consideration, and did not bind the plaintiff to take the cotton if tendered. The court sustained the general demurrer and dismissed the petition, and the plaintiff excepted.

*Boykin & Boykin, J. M. Moore,* for plaintiff, cited: 25 *Ga. App.* 89; 5 *Ga. App.* 342 (1); 13 Corpus Juris, 324; 136 *Ga.* 187; 10 *Ga. App.* 700; 119. *Ga.* 168 (3); 25 *Ga.* 395; 116 *Ga.* 141; 7 *Ga. App.* 850.

*Griffith & Mathews,* for defendant, cited: 123 *Ga.* 711; 119. *Ga.* 6; 23 *Ga. App.* 565; 132 *Ga.* 700; 9 *Ga. App.* 118.

LUKE, J. (After stating the foregoing facts.) In the contract sued upon the language, " I herewith confirm sale to you of 100 bales cotton," clearly showed an offer to sell upon the terms and at the time stipulated in the contract. *Luke* v. *Livingston, 9 Ga. App.* 116 (70 S. E. 596). The contract, being also signed by the buyer, showed on its face that the offer to sell had been accepted by him. It. thus became a mutually binding contract, valid under the statute of frauds, was not unilateral, and no tender of the agreed price prior to the date fixed for delivery was necessary. *Terry* v. *International Cotton Co., 136 Ga.* 187 (70 S. E. 1100). And in the instant case, the seller having notified the buyer that he refused to perform under the contract, a tender of the purchase-money by the latter at the date fixed for delivery was rendered unnecessary. In *McGhee Cotton Co.* v. *Herrine, 10 Ga. App.* 700 (74 S. E. 66), the contract (which was there held to be binding upon both parties) is on all fours with the one now under consideration, with the single exception that in the McGhee case the word " accepted " appeared at the bottom of the contract just above the signature of the McGhee Cotton Company, the buyer of the cotton in that case, while in the instant case the word " accept-

ed " does not appear on the contract, but the signature of Howel, the buyer of the cotton, does there appear, and the only reasonable construction of the contract is that the buyer, by signing his name at the bottom thereof, intended it as an acceptance of the other party's offer to sell, and that it was so understood by both parties to the contract.

However, if it be conceded that the contract is ambiguous and uncertain as to whether the offer to sell was accepted by the plaintiff, it would be permissible to explain that ambiguity, and render certain the uncertainty, by parol evidence (*Jones* v. *Fuller*, 25 *Ga. App.* 89 (102 S. E. 550), and it is distinctly alleged by the plaintiff in his petition that he did accept the defendant's offer to sell the cotton and so notified the latter.

From what has been said it follows that the petition set out a cause of action, and that the court erred in dismissing it on general demurrer.

*Judgment reversed. Broyles, C. J., and Bloodworth, J., concur.*