14000.  WILLIAMSON *v.* PAYNE.

STEPHENS, J. 1. Where a landlord rents for a stipulated amount of the crop as rental, and breaches the contract by refusing to admit the tenant into possession, the tenant's measure of damages is the net profits which the tenant could have made out of the contract. While in such a case the tenant's damage is more or less contingent and speculative, damages are nevertheless recoverable where the evidence furnishes sufficient data to enable a jury to make a just and fair estimate of the damage, giving due consideration to what the tenant himself, in the performance of the contract, might have actually produced upon the premises. See *Nicholson* v. *Nicholson*, 29 *Ga. App.* 692 (116 S. E. 321), and cases there cited.

2. Applying the above principle, the petition set out the proper measure

of damages and was otherwise good against demurrer, and the evidence furnished sufficient data to authorize the jury to find for the plaintiff the amount of the verdict.

*Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*
DECIDED JULY 16, 1923.

Action for breach of contract; from city court of Jefferson — Judge Bryson. September 29, 1922.

*Ray & Ray,* for plaintiff in error.

*G. W. Westmoreland, P. Cooley,* contra.