15447, 15448.  NORMAN & GRIFFIN *v.* SHEALEY; and *vice versa.*

STEPHENS, J.  1. A contract to purchase the standing timber upon described land, to be sawed into lumber by the purchaser and sold, and a certain percentage of the proceeds paid to the owner of the land as compensation for the timber, is a sale of an interest in land, and, under the statute of frauds, is required to be in writing.

2. Where such a contract, which was in parol, further provided that the purchaser was to move a sawmill upon the premises, to be used by him for the purpose of performing the contract, an installation of a sawmill thereon by the purchaser, in accordance with the terms of the contract, and a preparation to perform the contract, by building upon the land a number of houses for the purpose of housing the laborers in and about the sawmill, and erecting barns for live stock, to be used in the performance of the contract, and digging several wells upon the land, for the purpose of supplying water to the sawmill, the laborers, and the live stock engaged in the performance of the contract, moving the laborers into the houses, and the building upon the land of a residence to be occupied by the superintendent of the mill, all to the expense of $2,000 to the purchaser, and the cutting by the purchaser of about one half of the timber on the lands and manufacturing the same into lumber as provided in the contract, and paying to the seller more than $8,000 as the seller's part of the purchase price, constitute such part performance of the contract as may, under section 3223(3) of the Civil Code (1910), take the contract without the statute of frauds. In that the purchaser made valuable expenditures, such as erecting houses and digging wells upon the land and improving the timber by converting it to lumber, and selling, for the benefit of the owner, under the terms of the contract, the timber actually cut, this case is distinguishable from *Baucom* v. *Pioneer Land Co.,* 148 *Ga.* 633 (97 S. E. 671).

3. In such a case the purchaser's measure of damages for a breach by the seller in ousting him from the lands and preventing further performance was the purchaser's profits inhering in the contract (Civil Code, § 4394; *Anderson* v. *Hilton &c. Lumber Co.,* 121 *Ga.* 688, 49 S. E. 725), which is the difference between the cost of converting the standing timber into merchantable lumber under the terms of the contract and the market value of the finished product, less the percentage of such difference contracted to be paid to the owner.

4. While profits inhering in an unperformed contract can not be recovered unless capable of being definitely ascertained, yet where the above-mentioned elements in the determination of the profits inhering in the

contract can be determined by competent evidence, the damages, although more or less speculative, are nevertheless computable.

5. In a suit by the purchaser against the seller to recover damages to be measured by the profits inhering in the unperformed contract, the petition set out a cause of action, and the court did not err in overruling the defendant's demurrer, based upon the ground that the contract sued upon was unenforceable under the statute of frauds, but did err in sustaining the defendant's demurrer to the measure of damages as set out in the petition.

*Judgment affirmed on the main bill of exceptions; reversed on the cross-bill. Jenkins, P. J., and Bell, J., concur.*

DECIDED FEBRUARY 28, 1925.

Action for breach of contract; from Colquitt superior court—Judge W. E. Thomas. February 19, 1924.

Application for certiorari was denied by the Supreme Court.

*C. E. Hay, Askew & Mather,* for plaintiffs in error in main bill of exceptions.

*John P. Coyle, James L. Dowling,* contra.