**20561, 20562.   BRYAN v. MONCRIEF FURNACE COMPANY et al.;**
**and vice versa.**

JENKINS, P. J.   1. The evidence adduced by the plaintiff could have been taken by the jury as substantially proving the petition as laid, and therefore it can not be said, as a matter of law, that under no possible view of the evidence could a finding for the plaintiff have been authorized. Accordingly, the court erred in granting a nonsuit. See, in this connection, *Farrar* v. *Farrar,* 41 *Ga. App.* 120 (149 S. E. 70).

2. The court did not err, as complained of in the cross-bill of exceptions, in admitting the testimony of the plaintiff as to the custom of the trade, in putting in electrical connections, to clear the line of defects in switches through which the current passes. *Auld* v. *Southern Ry. Co.,* 136 *Ga.* 266, 269 (71 S. E. 426); *Pickett* v. *Central of Ga. Ry. Co.,* 138 *Ga.* 177, 179 (74 S. E. 1027, Ann. Cas. 1913C, 1380). While, as was ruled in cases cited by the defendant, to authorize proof of a custom of business as seeking to supply essential particulars to an unambiguous contract, the custom must be specially pleaded (*Hamby* v. *Truitt,* 14 *Ga. App.* 515 (3), 81 S. E. 593; *Matthews* v. *American Textile Co.,* 23 *Ga. App.* 675 (5), 99 S. E. 308), such a rule does not have application in cases such as the instant suit for personal injuries.

*Judgment reversed on the main bill of exceptions; affirmed on the cross-bill. Stephens and Bell, JJ., concur.*

DECIDED FEBRUARY 16, 1931.

*J. K. Jordan,* for plaintiff.

*Tye, Thomson & Tye, Paul S. Etheridge & Son,* for defendants.