25169.   LEVY, BROTHER & CO. INC. *v.* ALLEN.

DECIDED APRIL 13, 1936.

*Hesler & Clark,* for plaintiff in error.

*George C. Heyward Jr., Maxwell Rosenthal, H. G. Dukes,* contra.

JENKINS, P. J.   Where a lessee is unlawfully evicted by a lessor, the general rule is that the measure of damages, either in an action ex contractu or an action ex delicto, is the difference between the market value of the unexpired term and the agreed rental. Where, however, for any reason the tenancy has no market value, as where the lease is not assignable, its actual value to the tenant may be proved and recovered. In a suit ex delicto, in ascertaining such actual value, while loss of profits can not be recovered *as such,* evidence as to such profits may be shown in order to throw light on the value of the leasehold. However, in a suit ex contractu, such as the instant case, the actual value of the unexpired term may be measured by the loss of profits to the lessee, and the profits may be recovered as such, provided that they can be ascertained with a reasonable degree of certainty. *Bass* v. *West,* 110 *Ga.* 698 (3, 4), 703-705 (36 S. E. 244) ; *Smith* v. *Eubanks,* 72 *Ga.* 280; *Stewart* v. *Lanier House Co.,* 75 *Ga.* 582; *Kenny* v. *Collier,* 79 *Ga.* 743 (2), 746 (8 S. E. 58) ; *Shuman* v.

*Smith,* 100 *Ga.* 415 (4), 418 (28 S. E. 448); *Hayes* v. *Atlanta,* 1 *Ga. App.* 25 (4, 6), 30, 32 (57 S. E. 1087); *Daniel* v. *Perkins Logging Co.,* 9 *Ga. App.* 842, 843 (72 S. E. 438); *Williamson* v. *Payne,* 30 *Ga. App.* 652 (118 S. E. 598); *Nicholson* v. *Williamson,* 29 *Ga. App.* 692 (116 S. E. 321); *Jones* v. *Fuller,* 25 *Ga. App.* 89 (2), 90 (102 S. E. 550); *Williams Wagon Works* v. *Gunn,* 14 *Ga. App.* 158 (80 S. E. 668); 36 C. J. 73 (§ 694).

(a) While the anticipated profits of an unestablished future business are generally too speculative for recovery, yet where the business has been long established, has uniformly made profits, and there are definite, certain, and reasonable data for their ascertainment, and such profits reasonably must have been in the contemplation of the parties at the time of the contract, they may be recovered at least for a limited reasonable future time, even though they can not be computed with exact mathematical certainty. *Palmer* v. *Atlantic Ice & Coal Cor.,* 178 *Ga.* 405 (173 S. E. 424, 92 A. L. R. 176); *Stewart* v. *Lanier House Co.,* supra; *Smith* v. *Eubanks,* supra; *Anderson* v. *Hilton & Dodge Lumber Co.,* 121 *Ga.* 688, 691 (49 S. E. 725); *American Agricultural Chemical Co.* v. *Rhodes,* 139 *Ga.* 495 (2, 3) (77 S. E. 582); *Whitlock* v. *Mozley,* 142 *Ga.* 305 (82 S. E. 886); *Baldwin* v. *Marqueze,* 91 *Ga.* 404 (3) (18 S. E. 309); *Walker* v. *Jenkins,* 32 *Ga. App.* 238 (5), 243-245 (123 S. E. 161); *General Tire & Rubber Co.* v. *Brown Tire Co.,* 46 *Ga. App.* 548 (168 S. E. 75); *Carolina Portland Cement Co.* v. *Columbia Improvement Co.,* 3 *Ga. App.* 483, 485 (60 S. E. 279); *Render* v. *Harris,* 25 *Ga. App.* 302 (2), 303 (103 S. E. 179); *Hayes* v. *Atlanta,* supra; *Ayers* v. *John B. Daniel Co.,* 35 *Ga. App.* 511 (133 S. E. 878); *Norman* v. *Shealey,* 33 *Ga. App.* 534 (126 S. E. 887); *Anderson* v. *Mangham,* 32 *Ga. App.* 152 (123 S. E. 159); *Consolidated Phosphate Co.* v. *Sturtevant Co.,* 20 *Ga. App.* 474 (2), 477 (93 S. E. 155); *Firestone Tire &c. Co.* v. *Shore,* 31 *Ga. App.* 644, 646 (121 S. E. 709); *Central of Ga. Ry. Co.* v. *Cooper,* 14 *Ga. App.* 738 (82 S. E. 310); Eastman Kodak Co. *v.* Southern Photo Materials Co., 273 U. S. 359 (7, 8) (47 Sup. Ct. 400, 71 L. ed. 684); Code of 1933, §§ 20-1406, 20-1407.

■ The instant petition, by a lessee under an unassignable lease, claiming damages from an alleged unlawful eviction by the lessor, was brought in two counts, both sounding ex contractu.

The first count sought to recover $2000 lost profits as such. As amended, it alleged that the lessee, under his lease of part of the defendant's store, had conducted for more than four years an established business of a "ladies' and children's tonsorial, manicure, and beauty parlor," with an agreed rental of 15 per cent. of the proceeds; that as shown by monthly statements, prepared by the defendant and as set forth in the pleading, the business had been lucrative during the entire previous part of the term, with net earnings averaging approximately $400 a month; that the business was growing, and would have continued to earn a like monthly amount during the remaining five months of the term. The second count sought to recover the same amount of damages, not, however, as lost profits, but as "the reasonable and market value of the leasehold rights," which it was alleged was $400 a month over the agreed rental during the unexpired part of the term. Under the rules of law stated, neither of these counts as amended was subject to the general or the special demurrer. If the averments be sustained by proof, while the plaintiff would not be entitled to recover on both counts, he might recover on either.

*Judgment affirmed. Stephens and Sutton, JJ., concur.*