## PATTERSON v. HARRIS.

No. 11403.   JUNE 13, 1936.

*W. A. May, J. B. Copeland,* and *C. J. Taylor,* for plaintiff in error.
*Harrell & Lilly,* contra.

GILBERT, Justice. The suit was in ejectment, the facts being substantially as follows: Patterson was in possession of described land which had been sold for taxes. The time for redemption had expired, and Hart held title under the tax deed, Patterson continuing in possession. By an oral agreement, Patterson induced Harris to pay Hart the amount required to secure a transfer of title to Harris by quitclaim deed, with the further agreement that Harris would convey the land to Patterson on payment by Patterson to Harris of a specified sum of money. It is admitted by Patterson that no sum of money has been paid by him to Harris. There is a dispute between the two as to what amount was agreed to be paid. On the trial of the ejectment suit

these facts were shown by introduction of evidence, Harris insisting that, in addition to the amount of money paid by him under the agreement to Hart, Patterson was to pay him all that the latter owed him, which included an additional amount of money already due and sundry amounts thereafter advanced by him to Patterson. Patterson contended that the agreement was to pay only the sum of money paid by Harris to Hart. Harris introduced the deed executed by Hart, conveying the land to him. The jury returned the following verdict: "We, the jury, find in favor of the defendant, C. L. Patterson, subject, however, to the payment to the plaintiff, B. T. Harris, of the sum of $1568.48 principal and $537.43 interest to this date; otherwise we find in favor of the plaintiff, B. T. Harris." Patterson filed a motion for new trial on the general and special grounds, which was overruled, and he excepted.

1. Under the executory oral contract between Harris and Patterson, fully performed by Harris, the issue of title to the land was not involved.

2. The issue as to the terms of the agreement with reference to the amount of money to be paid by Patterson to Harris was submitted to the jury, and their finding is supported by the evidence.

3. The court did not err in disallowing introduction of the tax deeds and the tax fi. fas., with entries of levies thereon, for the purpose of showing that the levy for taxes was excessive. That issue was not material in the case as between the parties to the present suit.

4. The court did not err in refusing to permit the introduction of evidence of prior deeds from J. N. Patterson to C. L. Patterson, the defendant, and Fluella Patterson, his wife, for the purpose of showing that when the lands were sold the purchaser obtained an estate terminable at the death of C. L. Patterson and Fluella Patterson. That question could not be made an issue in the present case.

5. The charge of the court to the jury, that "The disputed issue in this case is as to what amount the defendant Mr. Patterson should pay to the plaintiff for redemption of the property under the evidence and under the pleadings. So you will determine what that amount is, whether it be $500, $1500, $1000, $2300 or

what sum—the judge makes no intimation to you whatever as to what amount that might be; that is wholly for you to determine," was not erroneous for any reason assigned.

6. The assignment of error on the form of the verdict, and the complaint that the verdict was written on the wrong paper, which paper was sent out with the jury when they retired to find a verdict, does not, under the facts, show cause for a new trial, the verdict having been returned into open court and having within the term been ordered by the judge to be entered upon the minutes of the court. *Shuman* v. *Smith,* 100 *Ga.* 415, 417 (28 S. E. 448). See also *Erskine* v. *Wiggins,* 58 *Ga.* 186; *Knowles* v. *Williams,* 62 *Ga.* 316; *Smith* v. *Camp,* 84 *Ga.* 117, 124 (10 S. E. 539).

*Judgment affirmed. All the Justices concur.*