**JACKSONVILLE BLOW PIPE COMPANY, Appellant,**

v.

**TRAMMELL HARDWOOD FLOORING COMPANY, Appellee.**

**No. 17415.**

United States Court of Appeals
Fifth Circuit.

March 10, 1959.

718

Burt DeRieux and Greene, Neely, Buckley & DeRieux, Atlanta, Ga., for appellant.

Loeb C. Ketzky, Hubert T. Quillian, Jr., LaGrange, Ga., for appellee.

Before HUTCHESON, Chief Judge, and CAMERON and BROWN, Circuit Judges.

HUTCHESON, Chief Judge.

Plaintiff sued for $4475.05 due it on a contract with defendant to install a powder arrestor system in its plant. Defendant filed a counterclaim alleging that, during the installation, plaintiff had caused damage to certain portions of its plant which in turn had resulted in a shut-down of its business and losses arising thereout.

On a pre-trial conference it was agreed and ordered: (1) that the debt sued for was due plaintiff with interest; (2) that the physical damage to defendant's property was the result of plaintiff's negligence and defendant was entitled to recover $1127.60; and (3) that the issue whether plaintiff was liable for damages for losses to its business resulting from the shut-down of its plant and the amount thereof should be decided by the court without a jury. A trial of this issue followed, and the district judge, filing a careful opinion,[1] making full findings of fact and conclusions of law, found and adjudged that as a result of plaintiff's negligence, defendant had suffered a loss to its business in the amount of $4000.00, making, with the $1127.50, a total loss of $5127.00.

Appealing from the judgment in its favor for $248.87, after deducting from the $5376.57 due it the amount found due defendant on its counterclaim, plaintiff is here insisting: (1) that the recovery was for profits and, under Georgia law, profits of a commercial business are regarded as too speculative and contingent to be recoverable; (2) that the evidence affords no reasonable basis for awarding such a recovery, and the findings are, therefore, clearly erroneous; (3) that the findings and judgment, in addition to loss of profits, awarded damages for

1. Jacksonville Blow Pipe Co. v. Trammell Hardware Flooring Co., 170 F.Supp. 537.

overhead expenses for the period of the shut-down; (4) that no credit against plaintiff's judgment should be allowed for anything except the physical damage; and (5) that, if any allowance is made for business losses resulting from the shut-down, it should be very much less than was allowed.

Appellee, on its part, pointing to the detailed findings and conclusions: that defendant suffered recoverable losses from the shut-down of its business; and that it sustained damages resulting therefrom in the amount found; insists that the evidence furnishes full support for the findings and that the statement of the law as set out in the trial court's opinion furnishes full support for the judgment. We agree that this is so.

■ Beginning with the admission of the appellant that it was negligent and that its negligence caused a shut-down of the business, and continuing with full recognition of the fact that, under settled law in Georgia as elsewhere, ordinarily expected profits of a commercial business are too uncertain, speculative and remote to permit recovery for their loss,[2] we conclude, as the district judge did, that where, as here, in an established business with clearly defined business experience as to profit and loss, in a suit, especially a tort action, where the actor's negligence is admitted, the loss resulting to the defendant therefrom, however denominated, may, if clearly and fairly shown, be considered in estimating the extent of the injury done.[3]

■ Examining the record in the light of the court's findings and the law in the light of his conclusions, we think the basic principle applicable here was thus well stated in Shell Petroleum Corp. v. Scully, 5 Cir., 71 F.2d 772, 775:

" 'It is a fundamental and cardinal principle of law of damages that the injured party shall have compensation for the injury sustained. The injured party is entitled to recover full indemnity for his loss, and to be placed as nearly as may be in the condition which he would have occupied had he not suffered the injury complained of. No measure of damages which does not afford just compensation for the loss sustained can stand the fundamental test. Upon this principle the measure of damages in any case must be based, or it neither accords with principle nor authority.' West Lumber Co. v. C. R. Cummings Export Co., Tex.Civ.App., 196 S.W. 546, 552; Kirby Lumber Co. v. C. R. Cummings & Co., 57 Tex.Civ. App. 291, 122 S.W. 273."

Viewing the findings and conclusions of the judge as we must, as entitled to be sustained unless shown to be clearly erroneous, we find no error nor any basis for setting them aside.[4] The judgment is accordingly affirmed.

**2.** Palmer v. Atlantic Ice & Coal Corp., 178 Ga. 405, 173 S.E. 424, 92 A.L.R. 176; Norris v. Pig'n Whistle Sandwich Shop, 79 Ga.App. 369, 53 S.E.2d 718; Consolidated Phosphate Co. v. B. F. Sturtevant Co., 20 Ga.App. 474, 93 S.E. 155.

**3.** Sturgis v. Frost, 56 Ga. 188; Barham v. Grant, 185 Ga. 601, 196 S.E. 43; Levy Brother & Co. v. Allen, 53 Ga.App. 246, 185 S.E. 369; Story Parchment Co. v. Paterson Parchment Paper Co., 282 U.S. 555, 51 S.Ct. 248, 75 L.Ed. 544; Palmer v. Connecticut Railway & Lighting Co., 311 U.S. 544, 61 S.Ct. 379, 85 L.Ed. 336;

15 Am.Jur. 571, "Damages", Secs. 149, 155, 353, 556, and 791; Dyal v. Wimbish, 5 Cir., 124 F.2d 464; 25 C.J.S. Damages § 90b, p. 633; Resolute Ins. Co. v. Percy Jones, Inc., 10 Cir., 198 F.2d 309.

**4.** Cf. Tennessee Coal, Iron & R. Co. v. Muscoda Local No. 123, etc., 5 Cir., 137 F.2d 176; Sanders v. Leech, 5 Cir., 158 F.2d 486; Pacific Portland Cement Co. v. Food Machinery & Chemical Corp., 9 Cir., 178 F.2d 541; United States v. United States Gypsum Co., 333 U.S. 364, 68 S.Ct. 525, 92 L.Ed. 746.