WHITLOCK *v.* MOZLEY & COMPANY.

FISH, C. J. M. G. Whitlock Jr. brought an action against John E. Mozley and Sam G. Mozley. The substance of the petition was as follows: On January 17, 1905, "S. G. Mozley & Co., per S. G. Mozley," entered into a written contract with plaintiff: "That for and in con-

20

sideration of $675.00 to them paid, the receipt of which is hereby acknowledged, the said S. G. Mozley & Co. do hereby sell and lease to the said M. G. Whitlock Jr. our granite quarries, known as the Hornsby quarries, for the term of ten years from this date, and to end on the 17th day of Jan., 1915, with right to take charge, quarry, and remove the stone from any part of the S. B. Hornsby Home place, being 40 acres, more or less, in Fulton County, and about two miles southwest of East Point, Ga.; and it is understood and agreed by the said M. G. Whitlock Jr., that if he should drive over any crops on the said place or cause such to be done, or do other damage other than necessary in quarrying and removing the stone, then the said M. G. Whitlock Jr. agrees to pay the actual damages. It is further agreed that the said S. G. Mozley & Co. will protect the said M. G. Whitlock Jr. against any interference by the owners of the property." On December 17, 1906. S. B. Hornsby obtained a decree against Mozley & Co., cancelling the contract between him and them, and under which Mozley & Co. claimed to hold the property covered by their contract with the plaintiff; and he was ousted from the possession and his business of quarrying stone on the premises was destroyed. On January 17, 1905, the date of the contract between the plaintiff and the defendants, they, under the firm name of S. G. Mozley & Co., "had certain interests in granite quarries and other kindred matters, and possessed the same under said firm name and style;" and S. G. Mozley "executed said contract for said firm and in so doing was acting within the scope of the business of said firm." The original petition alleged, that the plaintiff had placed on the premises improvements to the amount of $1,000, which were necessary to the carrying on of his quarrying business, that the profits of his business were $2,500 per year, and that he had been damaged in the sum of $10,000 by being ousted from the premises and his business destroyed. Each of the defendants filed demurrers on general and special grounds. The special demurrers were to the effect that the allegations as to the cost of improvements, the profits of plaintiff's business, and the damages alleged were "too general, vague, and speculative to be the basis of a recovery." The petition was amended to meet these special demurrers. One ground of the demurrer of John E. Mozley was that the petition did not set forth a cause of action against him, because "the petition fails to charge . . that this defendant sold to plaintiff or leased to plaintiff the quarries mentioned in said petition." *Held:*

1. The ground of demurrer just above quoted was not meritorious, in view of the allegation in the petition that S. G. Mozley, in executing the contract for the firm, was "acting within the scope of the business" of S. G. Mozley & Co., of which John E. Mozley was a partner. The general rule is that all partners are bound by the acts of any one of them within the legitimate business of the partnership. Civil Code (1910), § 3180.

2. Damages recoverable for a breach of contract are such as arise naturally and according to the usual course of things from such breach, and such as the parties contemplated when the contract was made as the probable result of its breach. "Remote or consequential damages are not allowed whenever they can not be traced solely to the breach of the contract, or unless they are capable of exact computation, such as the profits

which are the immediate fruit of the contract, and are independent of any collateral enterprise entered into in contemplation of the contract." Civil Code (1910), §§ 4394, 4395, 4396; *Stewart* v. *Lanier House Co.*, ¯75 *Ga.* 582; *Waycross R. Co.* v. *Offerman R. Co.*, 114 *Ga.* 727 (40 S. E. 738); *Anderson* v. *Hilton & Dodge Lumber Co.*, 121 *Ga.* 688 (49 S. E. ¯725).

(*a*) Paragraph four of the original petition was, in substance, as follows: Plaintiff in operating the quarry had built up a large business; he had more orders at a paying price than he could fill, to wit, $2,500 a year; the use of granite was increasing; the product of this quarry was first class and the quantity inexhaustible; and plaintiff would have had a large and flourishing business during the full term of his lease. This paragraph was amended by an allegation to the effect that plaintiff's business was broken up and the money and labor he had expended in the development of the quarry and his business were lost because of the failure of defendants to comply with their contract with plaintiff. These allegations were sufficient to withstand the attack of the demurrer that they were "too vague, indefinite, and speculative to be the basis of a recovery." It is not now held what damages may or may not be recoverable as the facts may be developed by the evidence upon the trial, nor what would amount to a duplication of damages under different names. The holding now made is merely that the fourth paragraph of the petition as amended was not subject to the demurrer thereto.

3. To the original petition the firm of S. G. Mozley & Co. filed a demurrer on general and special grounds. The petition was amended for the purpose of meeting the special grounds. It does not appear that the firm renewed the original demurrer or urged it further after such amendment; but they filed a new demurrer to the petition as amended, and on this new demurrer the presiding judge entered an order sustaining "the within demurrer." Under such circumstances, the original demurrer of the firm will not be treated as having been sustained. The second demurrer only was sustained, and this court will now deal with the question raised by it.

4. This was not a suit upon a covenant of warranty of title to land, so as to fix the measure of damages as the purchase-money with interest thereon from the time of the sale, as provided in the Civil Code (1910), § 4400; but was a suit on a contract containing special provisions in regard to the right to use and operate granite quarries for a specified time, with a stipulation that the defendants would protect the plaintiff "against any interference by the owners of the property."

5. The ground of the demurrer·in which it was claimed that the contract was a conveyance of real estate with no express warranty of title, and that there could be no implied warranty of title to real estate, was without merit.

6. Equally without merit was the ground of the demurrer which set up that, if the contract was one of lease, "petitioner would have to allege facts that would show that he was tortiously evicted from the premises in dispute," and then his measure of damages would be the rental value of the premises for the remainder of the lease under the contract, and that plaintiff failed to allege these facts, "or base his complaint upon

this theory of the law." The suit was not for a tortious eviction, but for a breach of a contract to protect the plaintiff against any interference by the owners of the property described in it.

*Judgment reversed. All the Justices concur.*
SEPTEMBER 15, 1914.

Action for damages. Before Judge Patterson. Cobb superior court. January 22, 1913.

*George F. Gober* and *John Awtrey*, for plaintiff.

*George D. Anderson, T. E. Latimer, N. A. Morris, J. Z. Foster,* and *Mozley & Moss,* for defendants.

*Judgment reversed. All the Justices concur.*
SEPTEMBER 15, 1914.