## Peck-Hammond & Company v. Miller, et al.

(Decided April 21, 1915.)

### Appeal from Muhlenberg Circuit Court.

1. Contracts—Construction and Operation—Payment.—Where under the terms of a written contract a heating plant was to be installed in a building and completed by the 15th of October, and no part of the consideration paid until the work was finished, and the owners of the building on the 10th of October, when the work had been all completed except the setting of one boiler which had been delayed in shipment, paid to the contractor a part of the consideration before its completion, such payment must be given the same effect as if it had been provided for in the original contract.

2. Contracts—Construction and Operation.—Where the work was to be completed by the 15th of October, and not paid for until completed, a payment by the landowner on the 10th of October, while in possession of facts which showed the work could not be completed by the 15th, must be treated as an agreement to extend the time fixed in the original contract for the completion of the work.

3. Contracts—Recovery.—Where a contractor undertakes to build a house and turn it over complete to the owner before receiving any compensation, and the house before its completion is destroyed without fault of either party, there can be no recovery by the contractor because he has failed to perform the condition precedent to his right of compensation.

4. Contracts—Recovery.—But, where the contract is severable and the price is payable by installments, which are payable as certain portions of the work is finished, if the building is destroyed without fault by either party the contractor can recover for any installment which has been fully earned.

5. Contracts—Installing Heating Plant.—Where there is a partial payment under a contract to install a heating plant in a building, to the extent of the payment, the heating plant becomes the property of the owner of the building, and the loss to that extent was his, although it was provided in the contract that the material furnished to install the plant should remain the property of the contractor until the contract price was fully paid.

M. H. McLEAN for appellant.

HUBERT MEREDITH for appellees.

OPINION OF THE COURT BY JUDGE TURNER—Reversing.

On the 8th of August, 1910, appellees were erecting a hotel building in Central City, Kentucky, and on that day entered into a written contract with appellant by which the latter agreed to furnish and install in the said building a heating plant for which it was to receive $2,075, of which $1,000 was to be paid upon the completion of the work, and the balance on the 15th of December, 1910, the work to be finished on the 15th of October, 1910.

On the 5th of October, 1910, the heating plant had been completed with the exception of putting in a certain boiler which the contract called for, the shipment of which had been delayed by the manufacturers thereof from whom appellant had ordered it; on that day appellant wrote to appellees requesting the payment of $1,000 on the job, but, recognizing that under the terms of the written contract no payment was due until the work was completed, and reciting the fact that it was all completed except furnishing and setting the boiler which had been delayed by the boiler manufacturers. On the 6th of October, 1910, appellees answered this letter, saying that one member of the firm was away, and that they did not feel disposed to make the payment without consulting him, and that upon his return they would write further. On the 10th of October appellees, evidently after having consulted the other member of the firm, wrote to appellant enclosing their check for $837.85, and a memorandum showing payments by appellee for appellant of freight, express, etc., amounting to $162.15, and requesting that they be given credit for the two amounts, aggregating $1,000.

In the letter of October 5th by appellant requesting the payment of the $1,000 appellees were told of the delay of the manufacturers in the shipping of the boiler, and that the said manufacturers had promised that they would ship it that week, and that within a few days after its arrival it would be installed and the work finished.

On the 21st of October, before the boiler had arrived, the building was destroyed by fire.

This is an action by the appellees seeking to recover the $1,000 so paid, and appellant makes its answer a counter-claim against appellees wherein it asks judgment against them for $775, that being as alleged the value of

the work completed over and above the $1,000 paid. The action was transferred to equity by agreement, and the lower court entered a judgment for the plaintiffs for the $1,000, and dismissed the counter-claim of appellants, the counter-claim being based wholly upon the negligence of the appellees which resulted in the fire, as alleged.

Under the terms of the original contract the work was to be finished on the 15th of October, and the $1,000 was not to become due until it was finished, and the first question to be determined is what effect shall be given to this correspondence between the parties and the payment of the $1,000 on the 10th of October, as a result thereof.

While, as recited, appellees were not compelled under the terms of their original contract to make any payment until the work was completed, their payment of the $1,000 on the 10th of October as a result of this correspondence when they were fully cognizant of the fact that the work was almost completed, and that the delay was occasioned solely by reason of the failure of the manufacturers to ship the boiler, can be given no other effect than an agreement upon their part to modify the terms of the original contract as to the time of payment; and the payment by them on the 10th of October of the $1,000 must, therefore, be given the same effect as if it had been provided for in the original contract.

It is further apparent from this correspondence that appellees fully realized on the 10th of October when this $1,000 payment was made that on account of the delay in the shipment of the boiler the work could not be completed by the 15th of October as originally provided for; and their payment on that day of the $1,000 in response to a request in a letter which notified them that the boiler would be shipped that week and would be installed within a few days after it was received, can be given no other interpretation than an agreement, or at least an acquiescence, upon their part in the extension of the time fixed in the original contract for the completion of the work. They knew when the payment was made that the boiler had not been received, they knew the uncertainty of shipments by freight, and they knew from appellant's letter that it would take several days to install the boiler after its arrival.

Appellant does not complain of the action of the lower court in dismissing the counter-claim for $775, and could

not well do so; for the only ground upon which such recovery is sought—that the fire was the result of the negligence of the appellees—was not sustained by the evidence.

So that the only question to be determined is, were the appellees entitled to recover the $1,000 under the terms of their contract as modified by the correspondence between the parties.

The evidence showed that at the time of the $1,000 payment, on the 10th of October, fully 80 per cent. of the material had been furnished and work done, and the case must, therefore, be determined just as if it had been originally provided in the contract that upon the completion of 80 per cent. of the work the owners were to make the $1,000 payment.

It seems to be well settled that where a contractor undertakes to build a house and turn it over complete to the owner before receiving any compensation, and the house is before its completion destroyed without fault of either party, there can be no recovery by the contractor, for he has not performed the condition precedent to his right of compensation. But the contract in this case, as modified by the October correspondence, brings it within a well-known exception to that general rule, and that is that where, under the terms of a contract the work is severable, and the contract price is payable in installments as a certain portion of the work is finished, and the building is destroyed after an installment has been completed, then there may be a recovery by the contractor for such installment.

Elliott on Contracts, Vol. 3, Section 1909, in discussing the question where the loss shall fall when there is an accidental destruction of a building in process of construction, says:

"If installments are to become due and payable absolutely on the performance of a certain proportion or part of the work, each of such installments is due and payable when such part or proportion specified is completed, and the subsequent accidental destruction of the structure does not relieve the owner from his obligation to pay such installments."

In American Annotated Cases, 1913 A, page 458, there is an extended note dealing with the various phases of this question, wherein, among other things, it is said:

"Where, however, the contract is divisible and severable—where the price is not entire for a completed building, but is payable by installments, these installments being fixed with regard to the value of the work done or as certain portions of the same are finished, if the structure is destroyed by inevitable accident the builder is entitled to recover for the installments which have been fully earned."

And to this note is appended a long list of authorities supporting that view.

Being of opinion that, under the terms of the contract, as modified, appellant might, under the rule stated, have recovered the $1,000 paid on the 10th of October, if it had not been paid, certainly the facts do not authorize an implied promise upon its part to repay the same.

It is not necessary for the purposes of this case to determine whether the landowners, by reason of the material having been affixed to their house, shall bear the total loss. That question is not presented by the counter-claim except in the manner stated. In any event to the extent of the $1,000 payment the heating plant was the property of appellees, and the loss to that extent was theirs; and this notwithstanding the provision in the contract that it should remain the property of the contractor until the contract price was fully paid.

The judgment is reversed, with directions to dismiss the plaintiff's petition.