## GREENFIELD et al. v. GLOBE AUTOMATIC SPRINKLER CO.

(Circuit Court of Appeals, Fifth Circuit.   December 5, 1922.)

### No. 3854.

1. Damages ⬳18—Fire loss held not recoverable as damages for breach of contract to install sprinkler system.

> The value of a building destroyed by fire is not recoverable as damages for breach of a contract to install a sprinkler system in the building by a certain date, which was prior to the fire.

2. Money received ⬳6(4)—Installment due and paid on part performance not recoverable, where further performance becomes impossible.

> Where a contract for installation of a sprinkler system in a building required payment of an installment of the contract price on shipment of the material, and after the material was shipped and the installment paid, the building and material were destroyed by fire, rendering further performance impossible, the owner is not entitled to recover back the installment paid.

In Error to the District Court, of the United States, for the Northern District of Georgia; Samuel H. Sibley, Judge.

Action at law by the Globe Automatic Sprinkler Company against A. D. Greenfield and others, executors of the will of D. Greenfield, deceased. Judgment for plaintiff, and defendants bring error. Affirmed.

Reuben R. Arnold and Eugene M. Mitchell, both of Atlanta, Ga. (Lowry Arnold and G. F. Mitchell, both of Atlanta, Ga., on the brief), for plaintiffs in error.

Daniel MacDougald, of Atlanta, Ga. (Spalding, MacDougald & Sibley, of Atlanta, Ga., on the brief), for defendant in error.

Before WALKER, BRYAN, and KING, Circuit Judges.

KING, Circuit Judge. The Globe Automatic Sprinkler Company (hereinafter styled company) brought suit against A. D. Greenfield and others, as executors under the will of D. Greenfield, deceased (hereinafter styled executors), in the United States District Court for the Northern District of Georgia to recover an amount claimed to be due on a contract made with said executors for installing a sprinkler system in a building owned by the estate of said deceased situated on Hill street in Atlanta, Ga.

Said executors admitted said contract and its completion by said company, but denied any indebtedness. It pleaded as a set-off that plaintiff had contracted with it to install a sprinkler system in another building of said estate occupied by T. H. Brooke Grain Company, the same to be completed by May 1, 1920; the contract was not completed by May 1st, or by June 20th, and on that day the building was destroyed by fire; that had it been installed such sprinklers would have extinguished the fire, and that by reason of such failure defendant had been damaged the value of the destroyed building, to wit, $75,-166.66, and prayed judgment for this sum.

The court on demurrer struck this plea, and excluded the evidence

offered as to this loss by fire, on the ground that the damages were too remote, and not the natural consequence of the delay in installing the sprinklers. The rule as to damages laid down by the Code of Georgia 1910, §§ 4394, 4395, is not derived from statute, but is only a clear statement of the common law, and confines the damages to such as are allowed at common law. Central of Georgia Railway v. Dorsey, 116 Ga. 719, 721, 42 S. E. 1024; Whitlock v. Mozley & Co., 142 Ga. 305, 82 S. E. 886.

[1] 1. In this case, knowing that there was no sprinkler system installed, the parties went on, and continued using the building for the business described as highly inflammable. The failure to install the system by the time fixed did not cause the fire. The fire was not the natural or legal result of such a failure, and the court was right in striking the plea and refusing to receive evidence to support the claim of defendant. Schaeffer Piano Mfg. Co. v. National Fire Extinguisher Co., 148 Fed. 159, 78 C. C. A. 293. If this was not so, then, had the Globe Company wrongfully declined to put in the system, and the defendants had made a contract with another company to do so, and while the second company was installing the system promptly, and within the time required for that purpose, but beyond the time given to the Globe Company by its contract, a fire had occurred, the Globe Company would be held liable for the value of the building so lost. This could not be the case.

The loss of the building by fire, and liability therefor, would not have been a direct or natural consequence of the breach of the first contract. The measure of damages in such a case, and here, would be the increased cost of insurance caused by the absence of the sprinklers, or the loss of greater rent which could be had for a sprinklered building, but the loss of the building by fire is not a damage flowing from a failure to furnish the sprinklers by a certain date, and is not recoverable.

[2] 2. As the contract to install the sprinkler system in the Brooke Company Building became impossible of performance by its destruction, the defendants, in their amended plea, also seek to recover $2,166.67, an installment paid under said contract. The contract for putting the sprinkler system in the house destroyed by fire provided that one-third of the contract price of $6,500 should be paid when the material was shipped to substantially commence work, one-third when the work was substantially completed, and the balance in 30 days thereafter, or upon approval based on the installation of required sprinklers. The material was shipped, and said one-third of the purchase price, or $2,166.67, was paid. It is admitted that the value of the material on the premises furnished under said contract and destroyed by said fire was $2,055.52.

"If installments are to become due and payable absolutely on the performance of a certain proportion of the work, each of such installments is due and payable when such part or proportion specified is completed, and the subsequent accidental destruction of the structure does not relieve the owner from his obligation to pay such installments." 3 Elliott on Contracts, § 1909; Peck-Hammond & Co. v. Miller, 164 Ky. 206, 175 S. W. 347; Ann. Cas. 1913A, 458, note.

Clearly, if such installment, if unpaid when the building is destroyed by fire, could be collected, it cannot be recovered because of such destruction where it has been paid. Anglo-Egyptian Nav. Co. v. Rennie, L. R. 10 C. P. 271, 284. We think the court did not err in directing a verdict for the plaintiff.

The judgment of the District Court is affirmed.