## 55707. MIZELL v. SPIRES et al.

BIRDSONG, Judge.
This case involved prospective damages arising out of a breach of contract. Appellee Spires orally entered into a lease in 1975 with appellant's mother for the use of farm land. The lease was renewed in writing in 1976. During those two years, Spires grew corn and peanuts on the farm and realized a profit, primarily on the peanut crop. He (Spires) testified without contradiction that the itemized costs of producing the corn and peanuts during 1975 was $25,365 and the crops sold for $53,687 leaving a profit of $28,322 for 1975. Likewise, his testimony showed that the specified costs of producing the crop for 1976 was $33,476 and the crops sold for $45,695 leaving a profit of $12,218. Costs included the $12,075 rental for the land. Spires also farmed several other tracts. His income tax returns for the years 1975 and 1976 showed an overall loss, but the loss was attributable to farming operations other than that involving appellant's land. In August, 1976, Ms. Mizell's mother died leaving the land to her granddaughters, the two daughters of Ms. Mizell. Ms. Mizell was appointed guardian for the two minors. In November and December of 1976, negotiations for lease of the farm for 1977 were discussed between Spires and Mizell. Though the content of these conversations was disputed, the jury found that Mizell extended the lease for the year 1977 at the same rate. However, in January,

1977, Mizell granted a lease to another for $15,700 and denied Spires the right to farm the tract. Spires brought suit for breach of the contract seeking damages for an oat crop he had planted but could not harvest, including the use of machinery to prepare the acreage for the oat crop, lost profits and costs. The trial court entered judgment on a jury verdict awarding Spires $9,500 in damages. Mizell moved for a new trial on the general grounds and additionally asserted that the damages were excessive. The principal contention related, however, to an allegation that the trial court erred in allowing testimony of the profits for 1975 and 1976 as a predicate for the speculative damages for 1977 where Spires did not farm the land, did not incur expenses and did not enjoy profits nor suffer losses. This appeal concerns itself with the denial of the motion for new trial. *Held:*

1. Initially we reject any contention that the evidence is insufficient to show a breach of contract or to establish a reasonable quantum of damages. The evidence established that for two years, Spires had been engaged in farming the same tract of land, raising the same crop, and had experienced easily calculable expenses and profits. The jury was warranted in finding that an agreement was in existence, that it was breached and that based upon the business experiences of the past two years involving the exact same anticipated endeavors, Spires could expect some reasonable profit, the amount thereof being within the discretion of the jury based upon the evidence.

In the absence of legal error, an appellate court is without jurisdiction to interfere with a verdict supported by some evidence, even where the verdict may be against the preponderance of the evidence. *Thompson v. Hill,* 143 Ga. App. 272, 276 (238 SE2d 271).

As to the damages, appellant conceded in her brief that some damages were appropriate but contends that the damages should be limited to the costs involved in preparing the acreage for the planting of oats, a sum of $450 as claimed by Spires. Though there should not be reliance upon speculation and conjecture in establishing damages and the proof should be made with all possible specificity, it has been held that reasonable certainty is all that is required. See *Crankshaw v. Stanley Homes,* 131

Ga. App. 840, 843 (207 SE2d 241). The evidence offered by Spires showed clearly ascertainable profits which could have been realized in some degree in 1977. Farming techniques and drought conditions could affect the amount of profits but did not eliminate the possibility of damages. Where the findings are within the range of the testimony, the appellate court should not reverse the judgment of the trial court. *Campo Const. v. Stembridge,* 138 Ga. App. 555, 557 (226 SE2d 797). The first six grounds of the motion for new trial were properly overruled by the trial court.

2. The last ground of the motion for new trial complains that it was error to allow evidence of past business operations for 1975 and 1976 to establish prospective losses for 1977. This alleged error finds its support in a line of cases going back to the earliest decisions of the state. It was well enunciated in the case of *Kenny v. Collier,* 79 Ga. 743, 746-747, wherein it was held that anticipated profits from a business intended to be carried on by the plaintiff upon the premises but never begun are too remote and speculative to be recoverable. We have no quarrel with that rule, but find it inapplicable to the facts of this case. More apposite to the facts of this case is the case of *Levy Bro. & Co. v. Allen,* 53 Ga. App. 246, 247 (185 SE 369). That case in substance recognized that while the anticipated profits of an unestablished future business are generally too speculative for recovery, but where the business has been established, has made profits and there are definite, certain and reasonable data for their ascertainment, and such profits reasonably must have been in the contemplation of the parties at the time of the contract, they may be recovered at least for a limited reasonable future time, even though they can not be computed with exact mathematical certainty. We are satisfied that the evidence in this case was definite and certain enough to allow the jury to determine the value of the term of the lease for 1977, and determine therefrom the damages suffered by Spires. The jury's determination was within the range of the testimony and is not unreasonable. *Miller v. Townley,* 57 Ga. App. 645 (196 SE 80). See *Baldwin v. Marqueze,* 91 Ga. 404, 411 (18 SE 309); *Whitlock v. Mozley & Co.,* 142 Ga. 305, 307 (2) (82 SE 886);

*Ayers v. John B. Daniel Co.,* 35 Ga. App. 511 (1) (133 SE 878); *National Health Services v. Townsend,* 130 Ga. App. 700, 702 (2) (204 SE2d 299). The trial court did not err in denying the motion for new trial.

*Judgment affirmed. Bell, C. J., and Shulman, J., concur.*

ARGUED APRIL 11, 1978 — DECIDED JUNE 20, 1978 —

*Smith & Jones, Henry O. Jones, III,* for appellant.
*Millard D. Fuller, Henry L. Crisp,* for appellees.