## 65161. TEXTILE SUPPLIES, INC. v. COUCH et al.

MCMURRAY, Presiding Judge.

Plaintiff filed this action alleging that defendant Couch converted a quantity of carpeting to his own use with intent to defraud plaintiff and used defendant Cartersville Textile Sales, Inc., of which defendant Couch was stipulated to be agent and alter ego, as a conduit in which to funnel the wrongfully obtained funds. Defendants' answer and counterclaim denied allegations of plaintiff's complaint, alleged an indebtedness to defendants on the part of plaintiff and its president, and set forth an action for slander (later dismissed without prejudice) against the plaintiff and its president. In connection therewith the plaintiff's president was made defendant by counterclaim on order of the trial court.

Upon the trial of the case the parties stipulated into evidence a great deal of data as to the gross sales, cost of sales, gross profit, expenses incurred and sums of money advanced, transferred or deposited in various accounts. However, there was a wide gulf between the parties' interpretation of this data and of the evidence presented at trial.

Plaintiff presented, as its principal witness, its president, who was defendant in the counterclaim and, by stipulation, the agent and alter ego of the plaintiff corporation. He testified: plaintiff is a corporation engaged in the business of buying and selling carpet and components thereof; defendant Couch was employed to sell carpet for plaintiff on a straight commission basis; defendant Couch's compensation was to be 50% of the amount derived by subtracting from the selling price of the carpet the amount of the direct cost of the carpet, with defendant Couch to bear the burden of his selling expenses; defendants used invoices stolen from plaintiff and forged them, together with altered bills of lading, to perpetrate a scheme under which carpet ostensibly shipped to a customer in good standing

would in fact be directed to a less credit-worthy customer who would submit payment to the defendant corporation rather than plaintiff; and plaintiff incurred certain expenses in recovering the carpet alleged to have been surreptitiously delivered. Plaintiff's interpretation of the stipulated data and evidence presented at trial culminated in plaintiff's president testifying, based on certain calculations, that defendants owed plaintiff the sum of $58,906.89.

Defendants Alvin Couch and Cartersville Textile Sales' sole witness was defendant Couch, who was stipulated to be the agent and alter ego of the defendant corporation. He testified: that there was a joint venture arrangement under which the plaintiff furnished financial backing and defendants furnished the work; the expense incurred in selling the carpet would be deducted from the gross profit in reaching the net profit; there were disagreements in regard to accounting methods, and plaintiff refused to pay over to defendants sums due under the joint venture agreement; prior to this joint venture with plaintiff he was operating a profitable business but due to plaintiff's reluctance to pay the sums due, his business was placed in financial difficulty; and the altering of invoices and bills of lading became necessary in order to reroute certain shipments of carpet in response to the demands of customers. Defendant Couch's testimony culminated in his calculating that he was owed by plaintiff and its president the sum of $2,631.47.

The jury returned a verdict in favor of plaintiff in the sum of $11,000 with the stipulation that all receivables collected also be awarded to plaintiff. The trial court entered a judgment in favor of plaintiff in the amount of $11,000. Plaintiff moved for new trial based on the general grounds and on the grounds that the verdict and judgment are grossly inadequate, arguing that a much larger verdict is demanded by the evidence. The motion for new trial was denied, and plaintiff appeals, raising a single issue, the adequacy of the amount of the verdict and judgment. *Held:*

The plaintiff contends that the verdict was grossly inadequate. Plaintiff argues that there was certain and uncontradicted evidence as to damages which demanded a verdict in favor of plaintiff for a higher sum. However, this argument is not supported by the record. The defendants presented evidence of their calculations, based on the stipulated data and evidence at trial, culminating in a determination that the net result of the entire transaction is that plaintiff owes defendants $2,631.47. Plaintiff in its brief alludes to the "complicated nature" of the transaction and is apparently somewhat confused by defendants' calculations as it refers to and argues as though defendants' figure of $2,631.47 was a set off to be applied against the sum it contends it is due from defendants of

$58,906.89. Plaintiff is mistaken in that defendants' determination that they were owed $2,631.47 by plaintiff is a cumulative figure inclusive of all transactions arising from the relationship between the parties. Plaintiff's reliance on *Hankin Music Co. v. Deaton,* 62 Ga. App. 599 (9 SE2d 121), is therefore inappropriate. The jury verdict being within the range of the evidence as to damages, we will not reverse the judgment of the trial court. *Etheridge v. Kay,* 153 Ga. App. 399, 400 (2) (265 SE2d 332); *Reed v. Williams,* 160 Ga. App. 254, 256 (3) (287 SE2d 47); *Mizell v. Spires,* 146 Ga. App. 330, 332 (1) (246 SE2d 385).

*Judgment affirmed. Banke and Birdsong, JJ., concur.*

DECIDED FEBRUARY 23, 1983.

Jefferson L. Davis, Jr., David N. Vaughan, Jr., Velma C. Tilley, for appellant.

*William B. Greene,* for appellees.