73112. SOUTHERN RAILWAY COMPANY v. UNION CAMP CORPORATION.
(353 SE2d 519)

CARLEY, Judge.

Scott, an employee of appellant Southern Railway Company (Southern), was injured while lifting a cart onto railroad tracks which were located on Southern's property. The cart was to be taken to adjoining tracks located on the property of appellee Union Camp Corporation (Union Camp), and was to be used in the maintenance of Union Camp's tracks. Scott sued Southern under the Federal Employers' Liability Act (FELA), 45 USC § 51 et seq., alleging that, while working for Southern, he had sustained injuries as a result of Southern's negligence. Southern answered, denying liability, and also filed a third-party complaint against Union Camp. Union Camp moved for and was granted summary judgment in its favor on the third-party complaint. Southern appeals from that grant of summary judgment.

1. In support of its enumeration of the grant of summary judgment as error, Southern asserts that Union Camp is contractually obligated to indemnify it in the event that it is found liable to Scott.

One of the two contracts upon which Southern relies in this regard provides that, as to the maintenance of its tracks, Union Camp will assume "all risk of, and liability for, loss or damage to any property or injury or death of any person, caused directly or indirectly, or contributed to, by the acts, defaults, or *negligence of Union Camp, or any agent, employee or representative in its service or under its con-*

*trol. . . .*" (Emphasis supplied.) Under this agreement, Union Camp would be obligated to indemnify Southern only if Union Camp's negligence caused or contributed to the injury. *Seaboard Coast Line R. Co. v. Union Camp Corp.*, 145 Ga. App. 417 (243 SE2d 631) (1978). There is no evidence, however, of any negligence on the part of Union Camp which could have proximately caused, in whole or in part, or which could have in any manner contributed to, Scott's injuries. There is also no evidence to support the contention that, with regard to any preparatory activities of its employees performed prior to the actual maintenance of Union Camp's tracks, Southern was acting as Union Camp's agent and that, therefore, any negligence on Southern's own part with regard to those activities should be imputed to Union Camp. Compare *White v. Morris*, 114 Ga. App. 618 (152 SE2d 417) (1966).

The remaining agreement upon which Southern relies provides that "[t]he Paper Company will assume the entire responsibility for the proper maintenance of said tracks and agrees to indemnify the Railway against all loss, damage, liability or expense which it may incur or for which it may become liable because of its failure to properly maintain them or because of any injury to or death of any person or loss of or injury or damage to any property, which occurs during or as a result of the maintenance of said tracks by the Railway." Southern contends that Scott was injured "during or as a result of the maintenance" of Union Camp's tracks, and that Union Camp must therefore indemnify it for any liability it might have to Scott. However, in order for Southern to be found liable on Scott's FELA claim, Scott must establish that Southern was negligent and that it was Southern's negligence that caused his injury. Thus, to enforce the agreement under the circumstances of the instant case would require that Union Camp indemnify Southern for a liability resulting from Southern's own negligence. It is well established in Georgia that contractual indemnities do not extend to losses caused by an indemnitee's own negligence unless the contract expressly states that the negligence of the indemnitee is covered. *Massee & Felton Lumber Co. v. Georgia & Florida Railway*, 143 Ga. 173, 179 (2) (84 SE 468) (1914); *Batson-Cook Co. v. Ga. Marble Setting Co.*, 112 Ga. App. 226 (144 SE2d 547) (1965); *Central of Ga. R. Co. v. Lester*, 118 Ga. App. 794, 801 (2) (165 SE2d 587) (1968). Compare *Georgia Ports Auth. v. Central of Ga. R. Co.*, 135 Ga. App. 859, 861 (219 SE2d 467) (1975), in which the damage was caused by the negligence of *both* the indemnitor *and* indemnitee and the indemnity agreement specifically excluded only damage " 'resulting from the *sole* negligence of [indemnitee].' " (Emphasis supplied.) As previously discussed, there is no evidence in the instant case of any negligence of Union Camp contributing to Scott's injury. Accordingly, there is no contractual basis for

Union Camp's liability to Southern.

2. Southern's third-party complaint contains an allegation that, when he was injured, Scott was in the course of employment by and under the control of Union Camp. Based upon this allegation, Southern further contends that, should it be found liable to Scott, Union Camp is derivatively liable to it under common law principles of indemnity and contribution.

OCGA § 9-11-14 (a) allows a defendant to bring into the action a third-party defendant " 'who is or may be liable to him for all or part of the plaintiff's claim against him.' The third-party defendant's secondary liability to the original defendant for his liability on the main claim is required if a third-party complaint is to meet the statutory requirements. [Cits.]" *Knapp v. Lolley*, 177 Ga. App. 786, 787 (341 SE2d 306) (1986). The instant third-party complaint of Southern alleges no secondary or derivative liability on the part of Union Camp. Rather, it merely alleges that Union Camp is liable for Scott's injuries because Scott was Union Camp's employee. No allegations which would render Union Camp liable *to Southern* for *Southern's* liability to Scott are made. By its allegation, Southern attempts to bypass its own liability and to impose direct liability on Union Camp for Scott's injuries. "[A] third-party complaint must be predicated on secondary liability and not based purely on direct liability from the third-party defendants to the plaintiff. The thrust of the instant third-party complaint constitutes an impermissible tender of [a] substitute [defendant]. [Cits.]" *Brabham v. Brown*, 147 Ga. App. 766, 767 (250 SE2d 495) (1978).

*Judgment affirmed. McMurray, P. J., and Pope, J., concur.*

DECIDED JANUARY 5, 1987 —
REHEARING DENIED FEBRUARY 9, 1987 —

*Burt DeRieux, Eileen M. Crowley, Keith J. Reisman*, for appellant.

*Todd W. Ponder, Donald F. Ruzicka, Kirk M. McAlpin*, for appellee.