A90A0479. GROSSBERG v. JUDSON GILMORE ASSOCIATES, INC.
(395 SE2d 592)

SOGNIER, Judge.

Paul Grossberg d/b/a Paul Grossberg & Associates brought suit against Judson Gilmore Associates, Inc. to recover damages, including lost profits, allegedly incurred as a result of the breach of a contract to supply a mailing list for direct mail advertising. The trial court granted partial summary judgment to Judson Gilmore Associates on the issue of recoverability of lost profits, and Grossberg appeals.

The record discloses that appellant operates an accounting and income tax return preparation business out of his home. From 1984 through 1987, he sent direct mail solicitations for income tax preparation services to the persons on a mailing list he purchased from a company called Dataman, which was composed of the names of those in specified zip codes who had within the prior year bought a home

costing at least $90,000. After Dataman raised the price for its 1988 mailing list, appellant sought another source, and ultimately contracted to buy a list brokered by appellee. This list encompassed the same zip codes as the 1986 and 1987 lists, but was specified to list all purchasers of homes within the last year whose household incomes were at least $50,000. Appellant testified that he received responses from 1.1 percent of the advertising recipients in 1984-1987, but the 1988 mailing generated a response of only .25 percent. He calculated the gross profit from the Dataman list mailings at $13.73 per letter (including referrals and repeat business), while the mailings made using the list purchased from appellee generated a gross profit of only $.57 per letter mailed. Once he discovered this differential, appellant contacted a number of the persons who had received the 1988 mailing and learned that few of them were new home owners and several had incomes of less than $50,000.

1. Appellant first enumerates as error the trial court's grant of partial summary judgment to appellee on the issue of contractual limitation of remedies. The trial court's ruling was based on the finding that certain contract terms had been presented to appellant as a counteroffer and accepted by him through performance of the contract, and therefore his remedy for breach of the contract was limited to the purchase price of the mailing list. We find this conclusion was in error because appellee admitted in response to a request for admission served by appellant that the document containing these terms was never transmitted to appellant, and thus he cannot be considered to have consented to its terms.

2. Appellant next maintains that the trial court erred by granting summary judgment to appellee on the claim for lost profits, contending appellee has not shown that appellant cannot establish his anticipated profits with reasonable certainty. In the lower court proceedings, appellant testified to the gross profit received each year and presented some evidence of the cost of the mailings, one aspect of his operating expenses. The trial court concluded appellee had pierced appellant's pleadings without sufficient rebuttal from appellant because the 1988 mailing list was based on different criteria, and because there was no evidence of net profit or total operating expenses from which his net profit could be calculated.

Ordinarily, anticipated profits are too speculative to be recovered, "but where the business has been established, has made profits and there are definite, certain and reasonable data for their ascertainment, and such profits [were] in the contemplation of the parties at the time of the contract, they may be recovered . . . even though they can not be computed with exact mathematical certainty." *Mizell v. Spires*, 146 Ga. App. 330, 332 (2) (246 SE2d 385) (1978). Nonetheless, "to recover lost profits one must show the probable gain with great

specificity as well as expenses incurred in realizing such profits. In short, the gross amount minus expenses equals the amount of recovery." *Kitchens v. Lowe,* 139 Ga. App. 526, 531 (228 SE2d 923) (1976). Further, the losses must be directly traceable to the acts of the other party. *Tri-State Systems v. Village Outlet Stores,* 135 Ga. App. 81, 84 (2) (217 SE2d 399) (1975).

In the case at bar, we agree with the trial court that appellant's alleged lost profits were too remote and speculative to be recovered. First, given that the 1988 mailing list was formulated from criteria different from that of prior years, the claimed losses could not be traced directly to any acts or omissions of appellee. Second, there is no evidence of either net profits or data from which appellant's net profits from the mailings could be calculated. Although he presented evidence of his gross profit and the expenses incurred in mailing the solicitations each year, there is nothing in the record to indicate what expenses appellant incurred in performing the services he provided to the respondents either in 1988 or in the prior years, and thus no evidence from which an inference could be drawn that his net profits had declined in 1988. See *Department of Transp. v. Vest,* 160 Ga. App. 368, 369 (1) (287 SE2d 85) (1981); compare *Bennett v. Smith,* 245 Ga. 725, 727 (267 SE2d 19) (1980).

"The burden of establishing the non-existence of any genuine issue of fact is upon the movant for summary judgment, and all doubts are resolved against him. [Cits.] In order to prevail, the defendant-movant is required to pierce the allegations of the complaint and to establish as a matter of law that the plaintiff could not recover under any theory fairly drawn from the pleadings and the evidence. [Cit.]" *Thompson v. Huckabee Auto Co.,* 190 Ga. App. 540, 541 (1) (379 SE2d 411) (1989). However, once the defendant-movant makes a prima facie showing he is entitled to judgment as a matter of law, the plaintiff-respondent must come forward with rebuttal evidence at that time or suffer judgment against him. *Balke v. Red Roof College Park Co.,* 190 Ga. App. 779, 781 (2) (380 SE2d 61) (1989). "A defendant who has cast upon a plaintiff the burden of responding with evidence to create or preserve a genuine issue of fact is entitled to prevail by summary judgment in the absence of any rebuttal evidence." (Citations and punctuation omitted.) Id. Appellant maintains that appellee did not meet this burden because it presented only appellant's deposition testimony and discovery responses in support of its summary judgment motion rather than offering any affidavit testimony of its own. We do not agree, for we have recognized that a defendant-movant is entitled to summary judgment when the plaintiff-respondent's own testimony reveals an absence of evidence on an essential element of the claim. See *Player v. Bassford,* 172 Ga. App. 135 (322 SE2d 520) (1984). Here, once appellee presented appellant's own tes-

timony in support of its contention that appellant could not show lost net profits with a reasonable degree of certainty, the burden shifted to appellant to produce some evidence creating a genuine dispute on that issue. Since appellant failed to produce any evidence regarding operating expenses or net profit, the trial court properly granted summary judgment to appellee on the issue of lost profits. See generally *Balke*, supra at 781 (2).

3. Our decision in Division 2 renders moot appellant's remaining enumeration of error.

*Judgment affirmed in part and reversed in part. Carley, C. J., and McMurray, P. J., concur.*

DECIDED JUNE 11, 1990 —
REHEARING DENIED JUNE 25, 1990 — CERT. APPLIED FOR.

*Stanley M. Lefco,* for appellant.
*James B. Richardson,* for appellee.