A92A0262. SPRINGWELL DISPENSERS, INC. v. HALL CHINA COMPANY.
(419 SE2d 112)

POPE, Judge.
Plaintiff Hall China Company filed suit against defendant SpringWell Dispensers, Inc., to collect an unpaid balance on a commercial account. Defendant answered and filed a counterclaim alleging it was damaged by plaintiff's breach of contract to supply defendant's demand for porcelain water dispensers manufactured by plaintiff to defendant's specifications. The trial court granted plain-

tiff's motion for summary judgment on the complaint and dismissed the counterclaim. Defendant appeals the dismissal of its counter-claim.

We agree with defendant that the record contains evidence creating an issue of fact on its claim that plaintiff breached its agreement to supply defendant's demand for product. But the trial court did not err in dismissing the counterclaim because in answer to discovery requests the defendant indicated its only claim for damages was for lost profits and the only evidence of lost profits presented by defendant was too remote and speculative to sustain an award. Where, as here, the evidence shows the claimant was a new business with no history of profits and, in fact, was operating at a loss, the loss of prospective profits due to a breach of a supply contract is too remote and speculative to support a recovery of damages. See *Radlo of Ga. v. Little*, 129 Ga. App. 530 (2) (199 SE2d 835) (1973). Despite the evidence of the profit defendant made per unit sold to its customers, no evidence was produced, as requested by the plaintiff, of orders or contracts which defendant was unable to fill due to plaintiff's alleged failure to ship the product to defendant. Despite the efforts of the defendant's expert witness to estimate lost sales and calculate the total profits lost, defendant "was not entitled to recover lost profits because it had no track record of profitability." *Empire Shoe Co. v. NICO Indus.*, 197 Ga. App. 411, 414 (2) (398 SE2d 440) (1990).

*Judgment affirmed. Carley, P. J., and Johnson, J., concur.*

DECIDED MAY 15, 1992.

*Glass, McCullough, Sherrill & Harrold, R. Phillip Shinall III, James E. Dearing, Jr.,* for appellant.

*Sutherland, Asbill & Brennan, Charles T. Lester, Jr., Dulaney L. O'Roark III,* for appellee.